Dewey, J.
Debt against a sheriff for suffering an escape from arrest on an execution. Pleas, the general issue; and two special picas, both held good on general demurrer. Judgment for the defendant.
One of the special pleas shows that the execution on which the arrest took place was issued on Sunday, the proper affidavit *480 having been made; that the arrest was made on the same day; and that the execution-debtor also on that day, pro-curred a discharge from the custody of the defendant, by complying with the act subjecting real and personal estate to execution.
C. W. Barbour, for the plaintiff.
A. Kinney and S. B. Goohins, for the defendant.
The only material question raised by the plea is, was it legal for the execution-debtor to procure his discharge on Sunday, from an arrest which had taken place on that day under an execution then issued ?
The issuing of the execution and the arrest were authorized by the law of this State, the execution-creditor having filed the requisite affidavit in the clerk’s office, whence the execution issued. R. S., 1838, pp. 462, 376. The execution-law enacts, that any execution-debtor under arrest may discharge himself from custody by taking the steps prescribed by the statute. Rev. Stat., 1838, pp. 281, 282. The plea in question shows that these steps were taken. But it is contended that this last act, having passed before those authorizing the issuing of the execution and the arrest on Sunday, and Conferring no authority to act on that day, does not sanction the discharge set up in the plea, which was a discharge procured on the Sabbath. We do not take this view of the subject. We think the privilege of regaining personal liberty, on the terms prescribed by the statute (which is indeed a right secured by the constitution), should be coeval with the power of imprisonment; and as this power, under certain circumstances, may be exercised on the Sabbath, so, we think, may the constitutional and statutory remedy be applied on the same day.
The plea is a good bar, and the Circuit Court committed no error in rendering judgment for the defendant.
Per Curiam.—The judgment is affirmed with costs.