The State *v.* Douglass *et al.*

---

### The State *v.* Douglass et al.

Criminal Law.—*Recognizance Bond Taken on Sunday not Void.*—*Justice of the Peace.*—*Pleading.*—In an action by the State, upon a forfeited recognizance bond entered into before a justice of the peace for the appearance of the principal in the circuit court to answer a charge of grand larceny, the sureties answered that all the proceedings upon which the bond sued on was founded, and the execution and approval of said bond, took place on the first day of the week, commonly called Sunday, and that the said bond was therefore void.

*Held,* that the answer is not sufficient.

From the Fountain Circuit Court.

*T. W. Woollen,* Attorney General, *T. L. Stilwell* and *A. P. Harrell,* Prosecuting Attorney, for the State.   •

*J. McCabe* and *C. McCabe,* for appellees.

Howk, C. J.—This was a suit by the appellant, against the

appellees, upon a forfeited recognizance, alleged to have been executed by the appellee Douglass, as principal, and by the appellees Barnes Dunklebarger and Josiah Dunklebarger as sureties, and to have been taken and approved by and before a justice of the peace of Fountain county, on the 8th day of December, 1878.

To the appellant's complaint, the appellees Barnes and Josiah Dunklebarger jointly answered, in two paragraphs, of which the first was a general denial, and the second paragraph stated special matter by way of defence.. The appellant demurred to the second paragraph of said answer, for the alleged insufficiency of the facts therein to constitute a defence to this action, which demurrer was overruled by the court, and to this decision the appellant excepted. The appellant failed and refused to reply to the second paragraph of said answer; and the court rendered judgment thereon, in favor of said appellees,.and against said appellant, for the costs.

From this judgment the State has appealed to this court, and has here assigned as error the decision of the circuit court in overruling its demurrer to the second paragraph of the appellees' answer.

The appellees alleged, in substance, in the second paragraph of their answer, that all the proceedings upon which the recognizance bond sued on was founded, and the execution and approval of said bond, took place on the first day of the week, commonly called Sunday, and that the said bond was therefore void.

It is evident from the allegations of this paragraph of answer, that it is founded upon the theory that the proceedings which preceded and led to the execution and approval of the bond in suit, and the execution and approval of such bond, were each and all " acts of common labor," within the scope and meaning of that expression,. as the same is used in " An act for the protection. of the

Sabbath, and providing penalties for the desecration thereof;" that these acts of common labor did not fall within any of the exceptions contained in the statute, and were therefore prohibited thereby; and that the acts in question were consequently void. 2 R. S. 1876, p. 483. We are not inclined to adopt or approve of this theory. It may well be supposed that the proceedings upon which the bond sued on was founded, mentioned in the second paragraph of the appellees' answer, embraced the making and filing with the justice of the peace of the proper affidavit, charging the defendant Douglass with the crime of grand larceny, the issue of a warrant thereon for the arrest of the defendant, the arrest, examination or waiver of examination of the defendant, and the order of the justice requiring the defendant to enter into a recognizance for his appearance at the next ensuing term of the circuit court, to answer the crime charged and abide the order of such court. It seems to us, that, under some circumstances, either one of the aforesaid acts, although it might be termed an act of common labor, or an act done by the officer while engaged in his usual avocation, would or might be absolutely necessary to the punishment of crime, and to the protection and well-being of society. The commission of crime on the first day of the week, commonly called Sunday, can not be prevented by any legislative act; and, as long as this is so, it will not do to say that the necessary steps may not be taken by the officers of the law, on that day, to secure the arrest of those charged with the commission of crime, or that any act done by such officers, for such purpose, on that day, shall be held void, merely for the reason that such act is, or may regarded as, an act of common labor.

In section 36 of the criminal code of this State, it is expressly provided, that " An arrest may be made on any day, or at any time of the day or night." 2 R. S. 1876, p. 379.

If the arrest may be made on Sunday, as it certainly may, under this provision of the statute, and if the arrest could only be made under and by virtue of a warrant, then it would seem to follow that whatever was requisite, in order to secure such warrant for such arrest, might also be lawfully done on that day. When an arrest is made under a warrant issued by a justice of the peace, section 2 of " An act prescribing the powers and duties of justices of the peace in State prosecutions," approved May 29th, 1852, as said section was amended by an act approved December 2d, 1865, required that the prisoner should be taken forthwith, Sundays not excepted, before the justice, " for trial or examination." 2 R. S. 1876, p. 668.

Section 5 of the same act made it the duty of the justice, when the prisoner was thus brought before him, if a continuance were not granted, "forthwith" (Sundays not excepted ) " to hear the cause, and either acquit, convict and punish, or hold to bail the offender, if the offence be bailable, or * * * if the offence be not bailable, commit him to jail, as the facts and the law may justify." 2 R. S. 1876, p. 670.

Under these statutory provisions. we are of the opinion, that all the proceedings which preceded and led to the execution and approval of the bond in suit, in this case, and such execution and approval of said bond, although each and all of the acts done in connection therewith were done on the first day of the week, commonly called Sunday, were authorized by law and were not void. The case of *King* v. *Strain,* 6 Blackf. 447, although a civil suit, is much in point on the question we are now considering. The case was an action of debt, against a sheriff, for suffering an escape from an arrest on an execution. One of the special pleas showed that the execution on which the arrest was made had been issued on Sunday, the proper affidavit having been made ; that

the arrest had been made on the same day; and that the execution debtor had also, on that day, procured his discharge from the custody of the sheriff, by complying with the statute. The material question raised by this plea, for the decision of this court, was this : "Was it legal for the execution debtor to procure his discharge, on Sunday, from an arrest which had taken place on that day under an execution then issued?" This question was decided in the affirmative; and, in delivering the opinion of the court, DEWEY, J., said :

"We think the privilege of regaining personal liberty, on the terms prescribed by the statute, (which is indeed a right secured by the constitution,) should be coequal with the power of imprisonment; and as this power, under certain circumstances, may be exercised on the Sabbath, so, we think, may the constitutional and statutory remedy be applied on the same day."

It seems to us, that the doctrine of the case cited is applicable with equal, if not stronger, force, to the case at bar. The defendant Douglass was lawfully arrested on the first day of the week; it was his constitutional and statutory privilege to enter into a recognizance with sureties, on the same day, and thus regain at once his personal liberty; and the execution by him and his sureties, of such recognizance for such purpose, and the approval of such recognizance by the proper officer, on the same day, were legal, valid and binding acts, under the circumstances of this case. It follows, therefore, that the facts alleged in the second paragraph of the appellees' answer were not sufficient to constitute a defence to this suit, and that the State's demurrer to said paragraph ought to have been sustained.

The judgment is reversed, at the appellees' costs, and the cause is remanded, with instructions to sustain the

demurrer to the second paragraph of the answer, and for further proceedings in accordance with this opinion.

Opinion filed at November term, 1879.

Petition for a rehearing overruled at May term, 1880.