ANSEL WRIGHT *vs.* ELIAS DRESSEL.

Hampshire.    Sept. 15. — Oct. 21, 1885.    FIELD, C. ALLEN, & GARDNER, JJ., absent.

A search-warrant, attached to a complaint, directed the officer to enter "the house and premises mentioned in the above complaint."    The language of the complaint was, "the house and premises of E. D. of G., in said county of H."    E. D. was the only man of his name in G., and both owned and occupied the house searched, and owned no other house there or in the county.    *Held*, that the words "the house of E. D." meant the house occupied by him; that the words "and premises" referred only to the premises used and occupied in connection with the house ; and that the warrant was sufficient.

Under the Pub. Sts. c. 212, §§ 3, 4, a warrant issued by a district court in one county, directing the officer to search a house in that county for goods stolen in another county, is properly made returnable to the court which issued it.

Under the Pub. Sts. *c.* 212, § 1, a search-warrant need not set forth that the court issuing it is satisfied that there is "reasonable cause" for the complainant's belief that the goods are concealed in the building directed to be searched; nor, under § 4, that there is "satisfactory evidence" to justify a warrant to search in the night-time.

A search-warrant is not a "civil process," within the Pub. Sts. *c.* 98, § 6, prohibiting the service of such process on the Lord's day.

HOLMES, J.   This is an action of tort for assault and battery. The defendant pleaded *son assault demesne*.   At the trial, it appeared that the plaintiff was a deputy sheriff of the county of Hampshire; that he came to the defendant's house at about three o'clock on Sunday morning, exhibited a search-warrant, entered the house peaceably, searched it, and found there part of the property described in the warrant.   He also searched a shed and corn-barn connected with the house, and the barn. While in the house, he attempted to arrest the defendant, who resisted with force.   The defendant contended, and the court held, that the warrant was insufficient in law; that, upon the warrant and the evidence, the plaintiff could not justify his attempt to arrest the defendant; and that the defendant was justified in resisting with reasonable force.   There was also a question whether the plaintiff could rely on his common law authority, which it will not be necessary to consider; for we are of opinion that the warrant was sufficient, and that the plaintiff did not exceed the authority conferred by it.

The chief objection to the warrant is that it contains no proper description of the place to be searched.   The warrant was attached to the complaint, (*Commonwealth* v. *Dana*, 2 Met. 329, 336,) and directed the officer to enter "the house and premises mentioned in the above complaint."   The language of the complaint is, "the house and premises of Elias Dressel, of Granby, in said county of Hampshire," the whole being closely similar to the warrant which was held good in *Stone* v. *Dana*, 5 Met. 98.

It was argued that the words "of Granby, in said county of Hampshire," must be referred to Elias Dressel, and not to the house, and so far we agree with the defendant.   Then it was said that, although it appeared that Elias Dressel was the only man of his name in Granby, and both owned and occupied the house searched, and owned no other house there, or, it seemed

to be assumed, in the county, he might own houses in other counties to which the warrant would equally apply. But we think that, according to the common use of language, in this State at least, when a man is commanded to enter, or it is alleged that goods are concealed in, " the house of E. D. of Granby," *prima facie* the words mean the house occupied by E. D., not the house owned by him ; and that no sound distinction exists between this language and " the dwelling-house of E. D.," &c., as to which the law is settled. *Dwinnels* v. *Boynton*, 3 Allen, 310. *Humes* v. *Taber*, 1 R. I. 464, 471. Furthermore, an interpretation of the warrant which would bring houses outside the county, if they exist, within its language, and thus read it as directing the officer to search outside his county, and attributing to the magistrate a manifest attempt to exceed his jurisdiction, is avoided if, upon the facts of the case and in this collocation, the word " of " is taken to refer to visible occupation rather than to record title.

As Elias Dressel is described as of Granby, that is, as residing there, if the warrant means the dwelling-house occupied by him, the house, of course, must be in Granby, and the place is properly described. *Dwinnels* v. *Boynton*, and *Humes* v. *Taber*, *ubi supra.* The words " and premises " plainly refer only to the premises used and occupied in connection with the house.

It was further objected, that the warrant was void because made returnable before the District Court of Hampshire, which issued it ; and, as the complaint alleges that the goods were stolen in the county of Hampden, it was suggested that the district court did not have " cognizance of the examination of the case," within the Pub. Sts. *c.* 212, §§ 3, 4. We see no reason to suppose that this language was intended to do anything more than to abridge the words of the Gen. Sts. *c.* 170, § 3, (Rev. Sts. *c.* 142, § 3,) which are, " before the magistrate who issued the warrant, or some other magistrate or court having cognizance of the case." The periodical codification of the statute law stands on a different footing from new legislation, and we cannot presume that changes are intended, unless the intention clearly appears. *Pratt* v. *Street Commissioners*, 139 Mass. 559. *Woodward* v. *Spurr*, 138 Mass. 592, 593. *Hittinger* v. *Boston*, 139 Mass. 17, 19. Moreover, if the thief brought the goods

into Hampshire, or if stolen property was received in this county, there was an offence in Hampshire. *Commonwealth* v. *White*, 123 Mass. 430. We have no doubt that the warrant was properly made returnable before the court from which it issued. See the complaint in *Stone* v. *Dana, ubi supra.*

It was unnecessary for the warrant to set forth that the court was satisfied that there was "reasonable cause" for the complainant's belief that the goods were concealed in Dressel's house, under the Pub. Sts. *c.* 212, § 1; or that there was "satisfactory evidence," &c., to justify a warrant to search in the night-time, under § 4. See *Holland* v. *Seagrave*, 11 Gray, 207.

It was not much pressed that the warrant, if valid, could not be executed on Sunday. The prohibition of the Pub. Sts. *c.* 98, § 6, only extends to civil process. A search-warrant is not a civil process, within the prohibition. Pub. Sts. *c.* 212, § 1. See *Robinson* v. *Richardson*, 13 Gray, 454, 456. And the execution of it on Sunday was valid at common law. *Pearce* v. *Atwood*, 13 Mass. 324, 347. *Johnson* v. *Day*, 17 Pick. 106, 109.

*Exceptions sustained.*

*J. C. Hammond*, for the plaintiff.
*W. H. Brooks*, for the defendant.