PEOPLE *v.* KRAMER.

1. SEARCHES AND SEIZURES—ISSUANCE OF SEARCH WARRANT A JU-
DICIAL ACT.
The issuance of a search warrant is not a ministerial act,
but involves the performance of judicial functions.

2. SUNDAY—JUDICIAL ACTS ON SUNDAY VOID AT COMMON LAW.
At common law Sunday is *dies nonjuridicus,* and all judicial
acts performed on that day are void, but ministerial acts
may be performed on Sunday.

3. STATUTES—CONSTRUCTION.
Statutes in derogation of the common law are to be strictly
construed.

4. INTOXICATING LIQUORS—SEARCHES AND SEIZURES—SEARCH WAR-
RANT ISSUED UNDER STATUTE ON SUNDAY VALID.
Since measures taken to prevent unlawful traffic in in-
toxicating liquors are clearly measures taken to preserve
the peace of a community within the meaning of 3 Comp.
Laws 1915, § 12259, a magistrate has authority thereunder
to issue on Sunday the search warrant provided for in Act
No. 99, Pub. Acts 1921.

Exceptions before judgment from Ionia; Hawley
(Royal A.), J. Submitted October 11, 1923. (Dock-
et No. 128.) Decided November 13, 1923.

Carl Kramer was convicted of violating the liquor
law. Affirmed.

*Watt & Colwell,* for appellant.

*Andrew B. Dougherty,* Attorney General, and *Harry
H. Gemuend,* Prosecuting Attorney, for the people.

FELLOWS, J. The sole question presented in this
case is whether a search warrant issued on Sunday

is valid. *People* v. *De La Mater,* 213 Mich. 167, must be accepted as deciding that the issuance of a search warrant is not a ministerial act, but involves the performance of judicial functions. It must also be taken as settled that at common law Sunday is *dies nonjuridicus* and all judicial acts performed on that day are void. In 25 R. C. L. p. 1444, it is said:

"Common Law Rule as to Sundays; Judicial Acts. Sunday was made *dies nonjuridicus* in the year 517, by a canon of the church, and adopted as the law of the land by the Saxon kings of England; and having been confirmed by William the Conqueror and Henry II, it became recognized and established as such at the common law, so that as a general rule holding court on Sunday and judicial acts performed at a session held on that day are void."

The text above quoted is sustained by numerous cases both in England and in this country. Among them see *Swann* v. *Broome,* 3 Burr. 1595; *Ex parte Tice,* 32 Ore. 179, see cases cited at page 187 (49 Pac. 1038); *Weldon* v. *Colquitt,* 62 Ga. 449 (35 Am. Rep. 128); *Chapman* v. *State,* 5 Blackf. (Ind.) 111; *Pulling* v. *People,* 8 Barb. (N. Y.) 384; *State* v. *Green,* 37 Mo. 466; *Davis* v. *Fish,* 1 Greene (Iowa), 406, 410, 411 (48 Am. Dec. 387). Lord Mansfield fully considered the question in *Swann* v. *Broome, supra,* as did Chief Justice Moore of the Oregon court in *Ex parte Tice, supra.* The courts have recognized the distinction between ministerial and judicial acts and in numerous cases have sustained ministerial acts performed on Sunday. *Parish* v. *State,* 130 Ala. 92 (30 South. 474); *State* v. *Mining Co.,* 13 Nev. 203; *Rice* v. *Commonwealth,* 3 Bush. (Ky.) 14; *Watts* v. *Commonwealth,* 5 Bush. (Ky.) 309; *State* v. *Douglass,* 69 Ind. 544; *State* v. *Kornstett,* 62 Kan. 221 (61 Pac. 805); *Blaney* v. *State,* 74 Md. 153 (21 Atl. 547).

In *Pearce* v. *Atwood,* 13 Mass. 324, 347, it was said:

"But by our statute the service of none but civil process is prohibited on the Lord's day; so that warrants against persons charged with any crimes whatever may be lawfully served on that day.    Warrants may also be issued; for, if the arrest is authorized by law, the order to make such arrest must likewise be lawful.    But magistrates and executive officers will undoubtedly use this power with discretion and with due regard to the sacredness of the day; so that it may not be profaned or disturbed by this exercise of their authority, except in cases of emergency, when justice might otherwise be evaded.    They will also undoubtedly consider, that all unnecessary official labor will expose them to the penalties of the act for the due observation of the Lord's day, although their doings may not be void."

Based upon this case, it was held in *Wright* v. *Dressel*, 140 Mass. 147 (3 N. E. 6), that a search warrant was not a civil process and might be served on Sunday.    In *State* v. *Conwell*, 96 Me. 172 (51 Atl. 873, 90 Am. St. Rep. 333), it was held that a search warrant might be lawfully issued on Sunday, the opinion, however, being based on the theory that the act of issuing it was ministerial, not judicial.

These cases and others which might be cited must be taken as establishing that at common law and in the absence of statute, (1) courts may not perform judicial acts on Sunday, but (2) may perform ministerial acts on that day; and that under our holding (3) the issuance of a search warrant is a judicial act.    The authority of the magistrate to issue the search warrant must, therefore, be found in the statute, if at all.    Section 12259, 3 Comp. Laws 1915, is as follows:

"No court shall be opened or transact any business on the first day of the week, unless it be for the purpose of instructing or discharging a jury, or of receiving a verdict; but this section shall not prevent the exercise of the jurisdiction of any single magis-

trate, when it shall be necessary, in criminal cases to preserve the peace, or to arrest offenders."

In the construction of this statute we must, of course, recognize the rule that being in derogation of the common law it is to be strictly construed. But this does not mean that it should be rendered unworkable by a forced construction. The legislature certainly intended to make some change in the common-law rule; it certainly intended to give to single magistrates authority not possessed by the common law. Without resorting to any change in punctuation of the statute, it certainly gives to single magistrates when necessary "in criminal cases to preserve the peace" the right to exercise their jurisdiction on Sunday. The language is even broader than it would have been had it read to prevent "breaches of the peace," and this term even has received a liberal construction by this court. In *Davis* v. *Burgess*, 54 Mich. 514 (52 Am. Rep. 828), it was said:

"Now, what is understood by 'a breach of the peace?' By 'peace' as used in the law in this connection, is meant the tranquility enjoyed by the citizens of a municipality or community where good order reigns among its members. It is the natural right of all persons in political society, and any intentional violation of that right is 'a breach of the peace.' It is the offense of disturbing the public peace, or a violation of public order or public decorum. Actual personal violence is not an essential element in the offense. If it were, communities might be kept in a constant state of turmoil, fear and anticipated danger from the wicked language and conduct of a guilty party, not only destructive of the peace of the citizens but of public morals, without the commission of the offense. The good sense and morality of the law forbid such a construction."

Here, however, the language is to "preserve the peace." Measures taken to prevent the unlawful traffic in intoxicating liquors are clearly measures

taken to preserve the peace of the community; they prevent lawlessness and intoxication and tend to the establishment of law and order.

The legislature by section 2 of the act making provision for the issuance of search warrants (Act No. 99, Pub. Acts 1921 [Comp. Laws Supp. 1922, § 7079 (25)]) made the legislative declaration:

"This act is hereby declared to be immediately necessary for the preservation of the public peace, health and safety."

And in so doing the legislature clearly acted within its discretion. *People* v. *Stambosva,* 210 Mich. 436; *People* v. *Urcavitch, Id.* 431; *People* v. *Bodjack, Id.* 443.

We are persuaded that the statute has so changed the common-law rule as to give to the examining magistrate the authority to issue the search warrant provided for in Act No. 99, Pub. Acts 1921, on Sunday, and that his act in issuing such warrant in the instant case was not a nullity. This power, as intimated by the Massachusetts court, should be used with discretion so as not to profane the sacredness of the day; it should not be used to unduly oppress the citizen in his observance of this day of rest. Its arbitrary and unnecessary exercise would doubtless be subject to review by the courts. In the instant case we discover no abuse of discretion in the exercise of this power.

The conviction will be affirmed, and the case remanded for sentence.

WIEST, C. J., and McDONALD, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.