## Foley v. Commonwealth.

(Decided March 22, 1929.)

692

J. B. ADAMSON for appellant.

J. W. CAMMACK, Attorney General, and GEO H. MITCHELL, Assistant Attorney General, for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

Thomas Foley, who was convicted of the unlawful possession of intoxicating liquor, has prayed an appeal.

The facts are these: Acting under a search warrant issued by the police judge of Ashland, the officers searched appellant's home on Sunday, and found in a secret place behind the mantel of one of the rooms 4½ gallons of moonshine liquor in glass jugs. The officers also testified that, when they suggested searching further, Foley said: "There is no use to look further; you have got it all." On the other hand, Foley denied making the above statement, and testified that he did not know of the hiding place, or of the presence of the whisky, and that it was there without his knowledge or consent.

The first question presented is whether the search was illegal, and this depends on the sufficiency of the affidavit, which, omitting the caption, signature, and jurat, is as follows:

"The affiant, James Lane, being first duly sworn, deposes and says that he has reasonable grounds to believe and does believe that there is being kept and may be found at 2424 Greenup avenue, in the city of Ashland, Boyd county, Kentucky, the said premises being the property of party or parties unknown to affiant, and being occupied as a residence by Thomas Foley the following article or articles, to wit: Spirituous intoxicating liquor, viz. moonshine whisky that the said article or articles were, or was, on the 11th day of March, 1928, unlawfully held or possessed on and in said premises, and are still so held and possessed, by said Thomas Foley, in violation of law.

"The affiant further states that he obtained his information upon which to base his said belief as follows, to wit: That Clarence Lewis told affiant on this date that he, said Lewis, had bought one gallon of whisky this date from said Thomas Foley, and

that said Thomas Foley still had 24 gallons of moonshine whisky in and upon the said above described premises in violation of law, and that this affidavit is made for the purpose of procuring a search warrant to be issued for the search of said premises and the seizure of said articles."

The affidavit does not end with the statement that the affiant "has reasonable grounds to believe and does believe" that intoxicating liquor was being kept on the premises of Thomas Foley, but goes further and states that Clarence Lewis had told affiant that on that date he had bought one gallon of whisky from Foley, and that Foley had 24 gallons of moonshine whisky on his premises. We have uniformly ruled such an affidavit sufficient to authorize the issuance of a search warrant. Arnold v. Commonwealth, 206 Ky. 347, 267 S. W. 190, and the cases there cited.

But the point is made that the search was illegal because made on Sunday. Section 4567, Kentucky Statutes, is as follows: "A writ of habeas corpus. or process on a charge of treason, felony, or for riot or breach of the peace, or upon an escape out of custody, may be executed on Sunday."

Section 665, Civil Code, is as follows: "A summons, subpœna, notice or order for a provisional remedy may be issued, given or executed on a holiday or Sunday, if the officer or person having the notice or process believe, or if the plaintiff or some other person make affidavit to the effect that the affiant believes, that the notice can not be given, or that the process cannot be executed, after such holiday or Sunday."

The argument is that these are the only statutory provisions regulating the execution of process on Sunday, and that, having specified with particularity the kinds of criminal process that might be executed on Sunday, the maxim, "Expressio unius est exclusio alterius," applies, with the result that no other criminal process may be executed on that day. Whether this contention would be sound, if there were no other statute on the subject, we deem it unnecessary to determine. Nor do we find it necessary to decide whether at common law a search warrant could be issued or executed on Sunday.

694

The statute on "Search and Seizure," in so far as material, is as follows:

"Any circuit judge, county judge, police judge, or justice of the peace, when affidavit of any state or federal officer, or of any reputable citizen, is filed with him describing the house, building or premises, as nearly as may be where the intoxicating liquors are sold or manufactured or disposed of, or illegally possessed in violation of this act, shall by his warrant cause any house or building or other place or premises to be searched by night or day for the detention of any intoxicating liquors which are kept there for sale or other disposition, in violation of this act, or for the detention of any illicit still or apparatus designed for the manufacture of intoxicating liquors or for intoxicating liquors illegally possessed in violation of this act, and if admission be not given on demand made the officers enforcing said warrant shall force an entrance into such house, building or other place and seize any intoxicating liquors and illicit stills, or apparatus designed for the manufacture of liquor and arrest the keeper or person in charge of such house, building or other place, or intoxicating liquors or still or apparatus, and carry such person before said judge issuing the warrant to be dealt with according to law.

"The officer shall destroy said illicit still or apparatus designed for the manufacture of intoxicating liquors; but shall carry said intoxicating liquors before the judge issuing said warrant. Any officer receiving a warrant as herein set out shall immediately proceed to execute same on the day received and for a failure to do so shall be fined not less than one hundred dollars nor more than five hundred dollars." Section 2554a-14, Kentucky Statutes, Baldwin's 1928 Supplement.

The statute provides that, upon the filing of the requisite affidavit, the judge or justice of the peace "shall by his warrant cause any house or building or other place or premises to be searched *by night or day.*" It further provides that "any officer receiving a warrant as herein set out shall *immediately proceed to execute same on the day received,* and for a failure to do so shall be fined not less than one hundred dollars nor more than five hundred

dollars." It will thus be seen that the legislature contemplated no delay, but provided for immediate action. The judge or justice of the peace must act when the affidivit is filed. He must cause the search by night or day. The officer receiving the warrant must immediately proceed to execute the same on the day received. Not only are the words "by night or day" broad enough to cover every night and every day, but the other language referred to, as well as the object to be accomplished, make it clear that the Legislature intended that a search warrant may be issued or executed at any time, and therefore on Sunday.

Another ground urged for reversal is that the court erred in permitting the affidavit for the search warrant to be read to the jury. Fairly construed we think the record shows that appellant objected to the reading of the affidavit. Under our Constitution the accused in all criminal cases has the right "to meet the witnesses face to face." Section 11, Constitution. Construing a similar provision of the federal Constitution, the United States Supreme Court said:

"The primary object of the constitutional provision in question was to prevent depositions or ex parte affidavits, such as were sometimes admitted in civil cases, being used against the prisoner in lieu of a personal examination and cross-examination of the witness, in which the accused has an opportunity, not only of testing the recollection and sifting the conscience of the witness, but of compelling him to stand face to face with the jury in order that they may look at him, and judge by his demeanor upon the stand and the manner in which he gives his testimony whether he is worthy of belief." Mattox v. U. S., 156 U. S. 237, 242, 15 S. Ct. 337, 339, 39 L. Ed. 409, 16 C. J. 836.

As said in 8 R. C. L. 85: "This right has always been deemed one of the most valuable safeguards of the citizen. It protects him against the peril of conviction by means of ex parte testimony or affidavits given in his absence or when he had not the right of cross-examination." Here the affidavit was admissible solely for the purpose of enabling the court to determine whether it was sufficient to authorize the search warrant, and the reading of the affidavit to the jury was a clear invasion of appellant's constitutional right.

But it is suggested that the error was not prejudicial because several witnesses testified to the presence of the liquor on appellant's premises. It must not be overlooked, however, that appellant's defense was that the liquor was there without his knowledge or consent, and the effect of the affidavit was to bring to the attention of the jury the fact that the affiant had been told by Clarence Lewis that he had bought one gallon of whisky from appellant. That being true, the statement in the affidavit was strong evidence tending to show that the liquor was on appellant's premises with his knowledge and consent. In view of this situation we are constrained to hold that the reading of the affidavit was prejudicial to appellant's substantial rights.

Wherefore the appeal is granted, and the judgment reversed, and cause remanded for a new trial consistent with this opinion. Whole court sitting.