ANDREW LAUB, Sr., et al. v. STATE.

No. A-7195.   Opinion Filed Sept. 2, 1930.
Dissenting Opinion Sept. 17, 1930.
Rehearing Denied Nov. 15, 1930.
(292 Pac. 891.)

Roberson & Roberson, for plaintiffs in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, P. J., The plaintiffs in error, hereinafter called defendants, were convicted in the county court of Canadian county on a charge of having the unlawful possession of whisky. By a search of the residence of defendants a small quantity of whisky was found in a fruit jar. Andrew Laub, Sr., was sentenced to pay a fine of $400 and to serve 90 days in the county jail, and Andrew Laub, Jr., was sentenced to pay a fine of $100 and to serve 30 days in the county jail.

There is but one material question in this case. That is, whether legal process may be served on Sunday. The affidavit for a search warrant was filed with the county judge on Sunday, the search warrant was issued on Sunday, and the search warrant was served and the search made on Sunday. The defendants moved to quash and suppress the warrant and the evidence obtained thereunder, and objected to the introduction of evidence for this reason.

There is considerable conflict in the authorities as to what judicial and ministerial acts may be done on Sunday. The observance of the Sabbath is commanded by the Old Testament. In 321 A. D., Constantine the Great passed an edict fixing Sunday as a day of rest. 37 Cyc. 540, II A. In the textbooks and cases on the subject, it is

said that from the beginning of the Christian era the courts sat on Sunday.

"* * * That the ancient Christians practiced this for two reasons: One was in opposition of the heathen who were superstitious about the observation of days and times, conceiving some to be ominous and unlucky and others lucky, and that therefore the Christians laid aside all observance of days. That a second reason they had was that by keeping their own courts always open they prevented Christian suitors from resorting to heathen courts. In the year 517 A. D., by a canon of the church Sunday was made a non juridical day. This canon was adopted as law by the Saxon Kings of England and later confirmed by William the Conqueror and Henry II, and thus became recognized and established to be common law. * * *"

So that under the common law it is held that judicial acts done on Sunday are void. 25 R. C. L. p. 1444, § 43; Moss v. State, 131 Tenn. 94, 173 S. W. 859. This case is copiously annotated in Ann. Cas. 1916B, 1. The decisions under the Sunday laws of the different states are not in accord. It is generally held that judicial acts performed on Sunday are void, but those of a ministerial character. unless in conflict with some statute, are valid. In England the service of writs on Sunday are expressly prohibited by Act 29, Charles II, c. 7. In some of the states the service of process on Sunday is forbidden, and where so forbidden, service is invalid. City of St. Paul v. Robinson, 129 Minn. 383, 152 N. W. 777, Ann. Cas. 1916E, 845. See notes, Ann. Cas. 1916E, 845.

This state forbids the service of process on Sunday, with certain exceptions. Section 1827, Comp. St. 1921, is:

"All service of legal process of any description whatever, upon the first day of the week, is prohibited, except in cases of breach of the peace, or apprehended breach of

the peace, or when sued out for the apprehension of a person charged with crime, or except where such service shall be specially authorized by law."

The term "legal process," as used in the above statute, is very comprehensive. As the term is used in reference to the criminal law, it includes all writs, warrants, summons, and orders of courts of justice or judicial officers issued in the course of judicial proceedings. 21 R. C. L. p. 1261; 32 Cyc. 419f. A search warrant is defined by section 2876, Comp. St., as:

"A search warrant is an order in writing, in the name of the state, signed by a magistrate, directed to a peace officer, commanding him to search for personal property and bring it before the magistrate."

It is a legal process. McAdoo v. State, 36 Okla. Cr. 198, 253 Pac. 307; Sloan v. State, 45 Okla. Cr. 228, 282 Pac. 898.

It will be seen from section 1827, supra, that there are three exceptions under which it is legal to serve process on Sunday. First, in case of breach or apprehended breach of the peace; second, when issued for the apprehension of a person charged with a crime; third, when the service is specially authorized by law. There are some instances where process is specially authorized to be served on Sunday, as, for instance, the writ of habeas corpus by section 442, Comp. St. 1821. The process of search warrant does not fall under the second exception, as it is not for the apprehension of a person charged with crime. If the service of the process in this case on Sunday can be justified, it must fall under the first exception above named. That is, where it is issued to prevent a breach or apprehended breach of the peace. A search warrant may in some instances be an appropriate process to prevent a breach or apprehended breach of the

peace. In such case it may be served legally on Sunday. Where it is sought to act under this exception to section 1827, supra, and to justify the service of process on Sunday, the better practice is to set out in the affidavit or application to procure the process, facts bringing it within the exception. This, however, would not be essential in all cases, as process coming into the hands of an officer on a juridical day might be served legally on Sunday if the exception existed. Where process is challenged because of service on Sunday, the justification should show that it falls within the statutory exception. Under the facts disclosed by the record in this case, nothing is shown, either at the time of procuring the process on a Sunday or when the same was challenged by motion to quash and suppress, to bring the service of the process within the exceptions named by the statute; but, to the contrary, the record discloses that the officer who made the affidavit and procured the search warrant did so without apprehending or having any reason to apprehend a breach of the peace. Officers of the law should not permit their zeal to override the plain provision of the law. The process could have been procured and served just as effectively on a day other than Sunday. Nothing being shown to bring the service of this process within the exceptions of the statute, but it clearly appearing that the service on Sunday was not within the exceptions, it was invalid and the motion to suppress should have been sustained.

The case is reversed.

DAVENPORT, J., concurs.

CHAPPELL, J. (dissenting). I cannot agree with the majority opinion in this case. The court has gone back into the dark ages and appealed to a canon of the Catholic Church as a basis which would justify the hold-

ing that a search warrant could not be served on Sunday. Protestant Churches have not subscribed to any such doctrine and have never taught that criminals could not be arrested or restrained for violation of law on Sunday. Many authorities in the United States are to the contrary.

In the case of United States v. Harbin (D. C.) 27 F. (2d) 892, page 893, it is said:

"Search warrants, like warrants of arrest, are processes for emergencies, which should not be crippled in effectiveness by ancient Sabbatarian learning as to Sunday being a nonjuridical day. They are expressly hedged about by various restrictions, which should not be extended by implication. The delay of a day would often be fatal to effectiveness and afford immunity, smacking somewhat of the antiquated right of sanctuary, for the criminal."

In Cornelius on Search and Seizure, p. 365, § 144, the rule is stated:

"As a general rule, official acts relating to process in criminal cases may be performed on Sunday or on legal holidays, but no cases have been found which hold that the service of a search warrant could not be made either on Sunday or on a legal holiday unless prohibited by statute," citing authorities from Alabama, Connecticut, Idaho, Massachusetts, Ohio, Pennsylvania, Texas, and Vermont.

Thus it will be seen that many authorities in the United States hold the service of process on Sunday legal, unless expressly forbidden by statute.

Section 1827, C. O. S. 1921, provides:

"All service of legal process of any description whatever, upon the first day of the week, is prohibited, except in cases of breach of the peace, or apprehended breach of the peace, or when sued out for the apprehension of a person charged with crime, or except where such service shall be specially authorized by law."

I agree with the majority opinion that process cannot be served on Sunday in Oklahoma, unless it falls within the exceptions set forth in section 1827, supra, but contend that the facts in the case at bar bring it squarely within the exception of "apprehended breach of the peace." Under the provisions of this statute a search warrant may be legally served where a breach of the peace is apprehended.

In the case of People v. Kramer, 225 Mich. 35, 195 N. W. 802, 803, the court had under consideration the legality of the service of a search warrant on Sunday, and used the following language:

" 'Now, what is understood by "a breach of the peace?" By "peace," as used in the law in this connection, is meant the tranquility enjoyed by the citizens of a municipality or community where good order reigns among its members. It is the natural right of all persons in political society, and any itentional violation of that right is "a breach of the peace." It is the offense of disturbing the public peace, or a violation of public order or public decorum. Actual personal violence is not an essential element in the offense. If it were, communities might be kept in a constant state of turmoil, fear and anticipated danger from the wicked language and conduct of a guilty party, not only destructive of the peace of the citizens but of public morals, without the commission of the offense. The good sense and morality of the law forbid such a construction.' Here, however, the language is to 'preserve the peace.' Measures taken to prevent the unlawful traffic in intoxicating liquors are clearly measures taken to preserve the peace of the community; they prevent lawlessness and intoxication, and tend to the establishment of law and order."

The unlawful possession, transporting, or sale of intoxicating liquor is a breach of the peace within the meaning of section 1827, supra. Where officers possess infor-

mation which would cause an ordinarily prudent person to act upon the belief that a breach of the peace was about to occur, a search warrant may legally issue and service on Sunday would be legal. If this were not true, then Sunday would be an open day for the bootlegger, who would ply his trade with impunity, resting secure in the knowledge that the state was impotent to interfere with his unlawful business by searching his premises on that day.

In the case at bar the record discloses that a wolf hunt was being conducted from the home and farm of the defendants, and a crowd of people gathered there on Sunday afternoon evidently for the purpose of drinking and carousing. To say that the officers were impotent in such case is to overrule the authority of the law and render its enforcement impossible on Sunday.

I cannot agree with the majority opinion for the further reason that such service is authorized by sections 2880 and 2881, C. O. S. 1921, and thus falls within the final exception of section 1827, supra.

Chapter 7, article 19, C. O. S. 1921 (sections 2876-2896), provides generally for the issuance and service of search warrants and when considered with sections 7009, 7010, C. O. S. 1921, constitute the code regulating the issuance and service of search warrants.

Section 2881, among other things, provides:

"You are therefore commanded * * * to make *immediate* search."

Webster defines "immediate" as instant; present; without intervention of time. The word "immediate" is defined by Worcester as meaning having nothing intervening, either as to place, time, or action. The word "im-

mediately" means instantly; directly; without delay; forthwith; just now.

In Bailey v. Commonwealth, 74 Ky. (11 Bush) 688, 691, the court said:

" 'Immediate' is not a technical word, and we do not find that it has acquired a peculiar meaning in the law differing from its common and approved popular signification."

No statute prohibits the issuance of process on Sunday. Since there is authority for the issuance of search warrants on Sunday, and since section 2881 provides for immediate service thereof, such process is not forbidden by section 1827, supra, and the issuance and service thereof would therefore be legal.

In the majority opinion the court says:

"The process could have been procured and served just as effectively on a day other than Sunday."

The business of handling intoxicating liquor must be and is carried on surreptitiously, and is of such a nature that any delay in the service of process would defeat the very purpose for which such process should be issued. In the case at bar the crowd had gathered and the intoxicating liquor was there ready to be consumed. To state the facts is to refute the argument of the court that service might have been effectively had on the next day.

As was said by Judge Holmes in United States v. Harbin, supra:

"The delay of a day would often be fatal to effectiveness and afford immunity, smacking somewhat of the antiquated right of sanctuary, for the criminal."

I cannot agree with the majority opinion for another reason. In paragraph 3 of the syllabus the court says:

"Where the service of process is challenged because of service on Sunday, it will be held invalid unless it is shown in justification for such service that it falls within one of the exceptions of section 1827, Comp. St. 1921."

In the case of White v. State, 23 Okla. Cr. at page 206, 214 Pac. 202, 205, this court said:

"It has often been held that there is a presumption that a public officer did his duty and that statutory and constitutional modes of procedure have been followed," citing Hess v. State, 9 Okla. Cr. 516, 132 Pac. 505, and Anderson v. State, 8 Okla. Cr. 90, 126 Pac. 840, Ann. Cas. 1914C, 314.

In Ables v. State, 35 Okla. Cr. 26, 247 Pac. 423, this court says:

"Error must affirmatively appear from the record; it is never presumed. Every presumption favors the regularity of the proceedings had upon the trial. The plaintiff in error must affirmatively show prejudicial error; otherwise the judgment of the trial court will be affirmed." Anderson v. State, 8 Okla. Cr. 90, 126 Pac. 840, Ann. Cas. 1914C, 314; Williams v. State, 17 Okla. Cr. 452, 190 Pac. 892; Harris v. State, 18 Okla. Cr. 470, 196 Pac. 354; Cardwell v. State, 20 Okla. Cr. 177, 201 Pac. 817; Redden v. State, 22 Okla. Cr. 179, 210 Pac. 556.

Under these and numerous other holdings of this court, the presumption of law was that the officers did their duty, that the exception in section 1827, supra, existed, and that the proceedings were legally authorized and regular in all respects. To overthrow this rule and shift the burden to the state is to put upon the state a burden not contemplated by law and to provide another technical loophole through which the guilty bootlegger may escape just punishment. To so hold furnishes weak-kneed officers who have no desire to enforce the law an added excuse for failing to do so.

Sometimes courts, in their zeal to protect the constitutional rights of defendants, destroy the law and the constitutional rights of law-abiding citizens. It is as much the duty of this court to preserve the constitutional right of law-abiding citizens to be protected from the danger, disorder, crime, and confusion which arise from the illegal sale of liquor as it is to protect the bootlegger in his constitutional rights.

For the reasons stated, I cannot agree with the majority opinion of the court.