## A. B. JEAN v. STATE.

No. A-8259.   Jan. 9, 1932.

(6 Pac. [2d] 1075.)

See, also, 49 Okla. Cr. 409, 295 Pac. 233.

Williams & Sasseen, for plaintiff in error.

J. Berry King, Atty. Gen., for the State.

DAVENPORT, P. J. The plaintiff in error, hereinafter called defendant, was convicted in the county court of Greer county, on a charge of having the unlawful possession of whisky. The officers obtained a search warrant and searched the residence and curtilage of the defendant, and found a quantity of whisky in fruit jars. The defendant was sentenced to pay a fine of $50 and to be confined 30 days in the county jail.

Without lengthening the record by setting out the testimony, there is one material question which is decisive of this case, that is, whether legal process may be served on Sunday. The record discloses that the affidavit for the search warrant was filed with the county judge on Sunday; the search warrant was issued on Sunday; the warrant served and the search made on Sunday. The defendant moved to quash and suppress the warrant and the evidence obtained thereunder, and objected to the introduction of evidence for this reason; which motion and objection was overruled and exceptions saved.

Section 1827, Comp. St. 1921, is as follows:

"All service of legal process of any description whatever, upon the first day of the week, is prohibited, except in cases of breach of the peace, or apprehended breach of the peace, or when sued out for the apprehension of a person charged with crime, or except where such service shall be specially authorized by law."

Section 2876, Comp. St. 1921, reads as follows:

"A search warrant is an order in writing, in the name of the state, signed by a magistrate, directed to a peace officer, commanding him to search for personal property and bring it before the magistrate."

A search warrant is legal process. McAdoo v. State, 36 Okla. Cr. 198, 253 Pac. 307; Sloan v. State, 45 Okla. Cr. 228, 282 Pac. 898; Laub et al. v. State, 49 Okla. Cr. 171, 262 Pac. 891.

Under the facts discovered by the record in this case nothing is shown either at the time of procuring the process on Sunday, or when the same was challenged by motion to quash and suppress, to bring the service of the process within the exceptions of the statute. On the contrary, the record discloses that the officer who made the affidavit and procured the search warrant did so without apprehending, or having any reason to apprehend, a breach of the peace. No reason is given why the writ could not have been secured on Saturday or the following Monday, or why it was necessary to secure it on Sunday. Nothing being shown to bring the service of the warrant within the statute, and it clearly appearing that the service on Sunday was not within the exceptions, the service was invalid and the defendant's motion to suppress should have been sustained. Laub et al. v. State, 49 Okla. Cr. 171, 292 Pac. 891.

The case is reversed.

EDWARDS and CHAPPELL, JJ., concur.