864

Willis Clay **HENRY**, Appellant,

v.

**COMMONWEALTH** of Kentucky, Appellee.

Court of Appeals of Kentucky.

Oct. 10, 1958.

Lewis A. White, Mt. Sterling, for appellant.

Jo Ferguson, Atty. Gen., William F. Simpson, Asst. Atty. Gen., for appellee.

BIRD, Judge.

Appellant was tried and convicted on a charge of possessing intoxicating liquors in violation of the Local Option Law, KRS 242.010 et seq. For reversal he states three grounds: (1) The affidavit upon which a search warrant issued was insufficient in form and substance; (2) The search was not conducted as directed by the warrant; and, (3) The court erred in permitting the affidavit and search warrant to be read to the jury.

■ The Court finds that the search was made in substantial compliance with the law of the Commonwealth. The Court further finds that the trial court erred in permitting the affidavit and search warrant to be read to the jury and it is a reversible error. For authority the Court cites Vanmeter v. Commonwealth, 232 Ky. 404, 23 S.W.2d 594, 595, in which it was said:

"But it is insisted that the affidavit made for the purpose of procuring the search warrant stated that defendant possessed intoxicating liquor, and which affidavit was introduced at the trial over the objections and exceptions of defendant. It requires no argument to show that the affidavit made to procure the search warrant was and is wholly incompetent to prove the guilt of the defendant on his trial of an indictment procured upon the evidence found by the officers who executed the warrant. The affidavit in this case was relevant only for the purpose of establishing the validity of the search warrant, a preliminary question to the admission of the discoveries of the officers who executed it. On the issue of any fact to establish defendant's guilt, it was and is the rankest hearsay, and violates defendant's constitutional right to be confronted face to face with the witnesses against him, and the court erred in admitting the affidavit as evidence to prove defendant's guilt on the trial of the indictment against him."

See also Section 11, Ky. Constitution and Foley v. Commonwealth, 228 Ky. 691, 15 S.W.2d 444. The reasons set forth in the foregoing authorities are controlling here.

█ When, as here, a constitutional right has been violated the question of prejudice is immaterial. Preservation of the right is and should be the court's paramount concern and not the actual effect of the violation on the outcome of the trial.

The motion for appeal is sustained and the judgment is reversed for proceedings not inconsistent with this opinion.