J. Irwin Shapiro, J.
After a conviction before another Justice of this court, this matter was returned by the Appellate Division for a new trial (28 A D 2d 725). Defendant now makes this motion for leave to reargue a motion to controvert a search warrant and to suppress evidence denied by me after a hearing held prior to the trial.
Three grounds are asserted as the predicate for this motion, namely: (1) that under section 2148 of the former Penal Law the execution of the search warrant on a Sunday was a void act and that, therefore, the seizure of articles under that warrant was unlawful; (2) that the search warrant was fatally defective in that it did not specify what part of a house which contained two families was to be searched pursuant thereto; and (3) “ the defendant has documentary proof that the complainant *' * * committed perjury * * * during the hearing on the original motion for suppression
*753 The last two claims on this motion are manifestly insufficient and may be disposed of summarily. The matters presented for disposition will, therefore, be considered in inverse order.
Defendant’s assertion that complainant committed perjury at the pretrial suppression hearing, absent a showing of fact in support thereof, is entirely insufficient to raise an issue. The burden of proof in controverting a search warrant or on a motion to suppress (with certain limited exceptions not here applicable) is on the defendant. (People v. Alfiniio, 16 N Y 2d 181, 186; People v. Malinsky, 15 N Y 2d 86, 91; People v. Mercado, 24 A D 2d 609.) There must be a factual demonstration that there is in truth an issue requiring resolution before a hearing is ordered. A mere conclusory and factually unsupported statement does not create an issue. (Cf. People v. Richetti, 302 N. Y. 290, 297; People v. Neeley, 4 A D 2d 1019; Hawk v. Olson, 326 U. S. 271, 277; Walker v. Johnston, 312 U. S. 275, 286.) The further assertion by defendant that he has documentary proof of such perjurious testimony, without setting forth such documentary proof, adds nothing to his bald, conclusory statement to create an issue requiring a hearing.
Of even less validity is the claim that the search warrant did not specify what part of the house was to be searched. This allegation is conclusively contradicted by the search warrant itself which expressly commands the police officer to make an immediate search, in the daytime or nighttime, of the “basement apartment of 111-29 208th Street, St. Albans, Queens, occupied by Alphonse B. Childers * “ ’5
The claim as to the “ service ” of the search warrant on a Sunday is one of first impression in this State and is somewhat troublesome. Before coming to grips with that problem a procedural contention by the District Attorney in opposition to this motion will be disposed of, in the process of which relevant background history is required to be set forth.
On December 3, 1965 defendant was convicted, by a verdict of a jury, of burglary in the third degree and grand larceny in the second degree. These charges grew out of a burglary committed in the apartment of defendant’s tenant in a house in which defendant occupied the basement. Prior to the return of the indictment, defendant made a motion to controvert the search warrant and to suppress incriminating evidence obtained pursuant thereto upon the ground that the affidavit of the police officer upon which the search warrant issued failed to show sufficient probable cause. After a hearing, that motion was denied and defendant was thereafter tried and convicted. Upon appeal from the judgment of conviction, the only contention made by defendant relative to the denial of the motion to con *754 trovert and suppress was the point that the receipt into evidence of the article seized under the search warrant constituted reversible error since it was obtained by the execution of a search warrant on a Sunday. In reversing the judgment of conviction, the Appellate Division did so upon a number of specified grounds, none of which related to the disposition of the pretrial suppression motion or to the claim then made for the first time relative to the execution of the search warrant on a Sunday.
In opposition to this motion, the District Attorney contends that defendant is precluded from making this motion because he did not raise the Sunday question .upon the original motion to suppress or at the trial and because this ground was asserted for the first time upon the appeal from the judgment of conviction. In this, the District Attorney is in error.
Although not so expressly stated, the basis of the District Attorney’s contention apparently is the thesis that the provision in section 813-d of the Code of Criminal Procedure that a motion to suppress must be made prior to the commencement of any trial precludes the instant motion. That provision, however, is not applicable here, for upon a reversal of a judgment of conviction and the ordering of a new trial, such trial proceeds “ in all respects as if no trial had been had.” (Code Crim. Pro., § 544; People v. Ercole, 4 N Y 2d 617, 620.) In such a situation, as I held in People v. Porter (37 Misc 2d 73, 76), a motion to suppress is maintainable as an original motion upon a ground which had not previously been urged on a prior motion.
Thus the principal question urged by the defendant must be determined on the merits.
Section 2148 of the former Penal Law (now General Business Law, § 11) reads: “All service of legal process, of any kind whatever, on the first day of the week is prohibited, except in cases of breach of the peace or apprehended breach of the peace or when sued out for the apprehension of a person charged with crime, or except where such service is specially authorized by statute. Service of any process upon said day except as herein permitted is absolutely void for any and every purpose whatsoever.” (Emphasis supplied.)
No New York case construing this statute has been found insofar as the seizure of evidence pursuant to a search warrant is concerned. The District Attorney argues that the case of Hessel v. Hessel (6 Misc 2d 861) determines that section 2148 of the former Penal Law “refers only to civil process.” (Emphasis supplied.) The adverb “ only,” used by the District Attorney in his brief does not appear in the opinion. The court used the phrase “refers to civil process” (p. 862) and not *755 “ only to civil process.” The HesSel case, therefore, does not hold that section 2148 does not refer to criminal process. In any event, this statement by the court, in support of which three cases dealing only with civil process are cited, is pure dictum if it was intended thereby impliedly to exclude criminal process.
Other jurisdictions have dealt with the proposition of a seizure under a search warrant on Sunday where there was a statute identical with or similar to the statute here under consideration and where there was no such statute at all. Those cases furnish a guide for decision here.
Under the common law the execution of a search warrant on Sunday was valid. (Wright v. Dressel, 140 Mass. 147, [1885]; State v. Conwell, 96 Me. 172, [1902]; Winborn v. State, 213 Miss. 99, [1952]; 83 C. J. S., Sunday, § 46, p. 874; 47 Am. Jur., Searches and Seizures, § 40, p. 526.) In fact it was held in Wright v. Hressel (supra) that a search warrant is not a civil process within the provisions of a statute prohibiting the service of process on Sunday. The rationale for this rule was stated in State v. Gonwell (supra,) p. 173: 11 The legality of search warrants was first established by Lord Hale on the ground of public necessity, because without them felons and other malefactors would escape detection. 1 Chit. Grim. Law, 64. The same ground would furnish a strong argument in favor of their legality when issued on Sunday, as a delay of one day would frequently allow the guilty party to escape.” To the same effect the court in United States v. Harbin (27 F. 2d 892, 898 [1928]) said: “ Search warrants, like warrants of arrest, are processes for emergencies, which should not be crippled in effectiveness by ancient Sabbatarian learning as to Sunday being a nonjuridical day. They are expressly hedged about by various restrictions, which should not be extended by implication. The delay of a day would often be fatal to effectiveness and afford an immunity, smacking somewhat of the antiquated right of sanctuary for the criminal.” And in Veasey v. State (113 Ga. App. 187 [1966]), in upholding a Sunday search warrant the court said: “ The element of time is often decisive in apprehension of law violators and the recovery of property; to make the observance of a religious holiday a license for illegal practice is hardly in conformity with the spirit of the law.” Decisions to the same effect were made in Winborn v. State (supra) and Armstrong v. State (195 Miss. 300 [1943].)
Thus we come to those cases in which statutes prohibiting service of process on Sunday were involved.
*756 In Edwards v. District of Columbia (68 A. 2d 286 [1949]) the statute involved was almost identical with the one here under consideration. It provided: “ No person or persons, upon the Lord’s day, shall serve or execute, or cause to be served or executed, any writ, process, warrant, order, judgment or decree (except in cases of treason, felony, or breach of the peace) but the service of every such writ, process, warrant, order, judgment, or decree, shall be void to all intents and purposes whatsoever; # * The contention was there made that
the execution of a search warrant for the seizure of alcoholic beverages on a Sunday was void, under the statute, since the offense charged was neither treason, a felony nor a breach of the peace. The court rejected the contention saying: “ This argument assumes that breach of the peace, as used in the statute, means an offense causing or tending to cause a public disturbance. We have found no local case interpreting this statute, but the Supreme Court in Williamson v. United States, 207 U. S. 425, 28 S. Ct. 163, 170, 52 L. Ed. 278, had before it the interpretation of article I, § 6, clause 1, of the Constitution which in part provides that senators and representatives shall be privileged from arrest during their attendance at the session of their respective house 1 in all Cases, except Treason, Felony, and Breach of the Peace.’ It was there held ‘ that the term treason, felony, and breach of the peace,’ as used in the constitutional provision relied upon, excepts from the operation of the privilege all criminal offenses. ’ The constitutional phrase being identical with the statutory phrase, and both being taken from early English law, in our opinion they ought to be interpreted alike. Thus interpreted the statute does not prohibit service or execution of writs and process on Sunday in criminal cases. This interpretation is in accord with Rawlings v. Ellis, 16 M. & W. 172, 153 Eng. Rep. 1147 (1846), holding that the statute does not prohibit the arrest on Sunday of one guilty of any indictable offense.” (p. 287. Emphasis supplied.)
In two States, Kentucky and Oklahoma, diametrically opposite results were reached as to the construction to be placed upon a statute interdicting service of process on a Sunday so far as seizure under a search warrant is concerned.
In Foley v. Commonwealth (228 Ky. 691 [1929]) it was claimed that a seizure pursuant to a search warrant on a Sunday was illegal. Two statutes governed the service of process on Sunday. One provided that “ A summons, subpoena, notice or order for a provisional remedy may be issued, given or executed on a holiday or Sunday, if the officer or person having the notice or process believe, or if the plaintiff or some other person make *757 affidavit to the effect that the affiant believes, that the notice can not be given, or that the process cannot be executed after such holiday or Sunday. ’ ’ The other statute provided that61 A writ of habeas corpus, or process on a charge of treason, felony, or for riot or breach of the peace, e * * may be executed on Sunday.” The contention was there made that these statutory provisions, the only ones regulating the execution of process on Sunday, having specified with particularity the kinds of criminal process that might be executed on a Sunday, no other criminal process could be executed on that day. The court held that the foregoing statutes were not the only statutes regulating the executing of process on Sunday; that the statute governing search warrants, in providing that a search warrant direct that “ premises to be searched by night or day ” and that any officer receiving a warrant “ shall immediately proceed to execute same on the day received,” governed the execution of process on a Sunday. From the totality of the statutory enactments the court found (p. 695) that “ the legislature contemplated no delay, but provided for immediate action ’ ’ and 6 ‘ intended that a search warrant may be issued or executed at any time, and therefore on Sunday.”
A contrary view was expressed in Laub v. State (49 Okla. Cr. 171 [1930]). In that case the statute involved read: ‘1 All service of legal process of any description whatever, upon the first day of the week, is prohibited, except in cases of breach of the peace, or apprehended breach of the peace, or when sued out for the apprehension of a person charged with crime, or except where such service shall be specially authorized by law.”
By a two-to-one decision, the Criminal Court of Appeals of Oklahoma held (p. 174) that the term “ legal process ” encompassed ‘ £ all writs, warrants, summonses, and orders of courts of justice or judicial officers issued in the course of judicial proceedings ”, and that a search warrant in a criminal case came within those categories. The dissenting Justice reasoned that the execution of a search warrant on Sunday was valid for two reasons: Firstly, that the seizure under a search warrant of illegal intoxicating liquor “ bring[s] it squarely within the exception of ‘ apprehended breach of the peace,’ ” and, secondly, that the statute in that State governing search warrants which provided that a search warrant should command the police officer “ to make immediate search (emphasis in original) came within the exception in the statute, namely, “ where such service shall be specially authorized by law.”
In my opinion the holding in the Foley case, and the view expressed in the dissenting opinion in Laub, are more cogent *758 and persuasive than the prevailing opinion to the contrary in Laub.* It seems clear to me that a statutory mandate that a search warrant shall command the police officer 1 ‘ to make immediate search ’ ’ or shall immediately proceed to execute the search warrant evidences an intention by the Legislature to permit the execution of a search warrant at any time, including a Sunday. Such a statutory provision constitutes “ special authorization by law ” for the execution of a search warrant at any time and overrides a general statutory interdiction against service of process on a Sunday.
The statute in this State governing search warrants (Code Crim. Pro., pt. VI, tit. II, § 791 et seq.) contains a provision regarding the execution of a search warrant similar to the Statute involved in Foley and Laub. Section 796 provides that a search warrant command the police officer ‘1 forthwith to search the person or place named,” and section 797 provides that the search warrant must substantially contain the following mandate: “ ‘ Ton are therefore commanded, between 6:00 A.M. and 9:00 P.M. (or at any time of the day or night), to malte an immediate search of (identify premises) occupied by A.B. and of the person of A.B. and of any other person who may be found to have Such property in his possession or under Ms control or to whom such property may have been delivered, for .(describe property) and if you find any such property or any part thereof to bring it before me at (name of court and location).’ ” (Emphasis supplied.)
In view of the statutory command that the search warrant be executed “ forthwith,” it follows that a seizure on a Sunday is “ specially authorized by statute ” and is, therefore, excepted from the general prohibition against the service of legal process found in section 2148 of the former Penal Law. In fact, the search warrant in this case, in compliance with the statute, commanded the police officer named, “ in the day time or nighttime, to make an immediate search of basement apartment of 111-29 208th Street, St. Albans* Queens, occupied by Alphonse B. Childers * *
It should be observed that, strictly speaking, this motion is not One for leave to reargue the prior pretrial motion to suppress, as labeled by defendant, but is in reality an original motion to *759 suppress upon a ground not previously urged. However considered, it is in all respects denied.
The Clerk of this court is directed to send a copy of this memorandum and the short-form order entered hereon to the defendant at his present place of abode.

 Apparently realizing the deleterious effect of the decision in Laub and two other cases which followed it (Warma v. State, 50 Okla. Cr. 328; Jean v. State, 53 Okla. Cr. 34), and recognizing the desirability of being permitted to execute a search warrant on Sunday, Oklahoma enacted a specific statute to that effect. (See White v. State, 81 Okla. Cr. 399.)