STATE OF MAINE *vs.* JAMES A. CONWELL, JR.

Cumberland.    Opinion January 31, 1902.

*Warrant. Lord's Day.  Stat. 1901, c. 201.  R. S., c. 27, § 40.*

A search and seizure warrant issued under R. S., c. 27, § 40, on the Lord's day, before the enactment of statutes 1901, c. 201, was not thereby rendered invalid.

The act of the magistrate in issuing such a warrant under that section is ministerial and not judicial.

Exceptions by respondent.    Overruled.

Complaint and warrant in the usual form, issued thereon by the judge of the municipal court for the city of Portland on Sunday, December 23, 1900, for search of a dwelling-house on Spring street in Portland, and seizure of intoxicating liquors alleged to have been kept there intended for sale in violation of law.

The case comes to this court from the Superior court of Cumberland county to which respondent appealed, on exceptions by respondent to the overruling of his demurrer to the complaint.

*R. T. Whitehouse,* county attorney, for State.

*D. A. Meaher,* for respondent.

SITTING: WISWELL, C. J., EMERY, WHITEHOUSE, STROUT, SAVAGE, POWERS, JJ.

POWERS, J.   This was a search and seizure warrant issued under R. S., c. 27, § 40, before the enactment of c. 201 Public Laws, 1901. The respondent excepts to the overruling of his demurrer, and the only question involved is whether the fact that the warrant was issued upon the Lord's day, renders it invalid.

There is no statute in this State which declares such a warrant void.    Works of necessity are expressly excepted from the prohibition against labor and business contained in R. S., c 124, § 20. Whatever is necessary to prevent crime and apprehend persons charged with its commission is within that exception.    *Keith* v. *Tuttle,*

28 Maine, 326. Whether the issuing of a warrant in any case is a work of necessity is a question which cannot be raised upon demurrer. If it could, and if "the object of such legislation has been to secure to private citizens the quiet enjoyment of Sunday as a day of rest, and to encourage the observance of moral duties on that day," as stated by Mr. Justice WHITEHOUSE in *Cleveland* v. *Bangor*, 87 Maine, 259, 47 Am. St. Rep. 326, it is difficult to conceive of any thing more conducive to that object than the prevention of the illegal sale of intoxicating liquor; and it would seem a perversion of the spirit of the statute to hold that a violation of it, which is so well calculated to make it effectual.

It is only the service of civil process on the Lord's day that is prohibited by R. S., c. 81, § 81. And the execution of a search warrant on Sunday was valid at common law. *Wright* v. *Dressel*, 140 Mass. 147; *Pearce* v. *Atwood*, 13 Mass. 324. In the case last cited, Parker, C. J., in delivering the opinion of the court states that warrants may also be issued upon that day, "for if the arrest is authorized by law, the order to make such arrest is lawful." The same considerations of necessity and public policy which will justify the arrest, or search and seizure upon the Lord's day, will equally justify the taking on that day of any preliminary steps necessary to make the arrest, or search and seizure.

The legality of search warrants was first established by Lord Hale on the ground of public necessity, because without them felons and other malefactors would escape detection. 1 Chit. Crim. Law, 64. The same ground would furnish a strong argument in favor of their legality when issued on Sunday, as a delay of one day would frequently allow the guilty party to escape.

By the commonlaw Sunday is dies non juridicus, and all judicial proceedings upon that day are void, but ministerial acts could always be performed on that day. *Pearce* v. *Atwood*, supra; *Johnson* v. *Day*, 17 Pick. 106.

The statute under which these proceedings were commenced, R. S., c. 27, § 40, declares that "if any person, competent to be a witness in civil suits, makes sworn complaint before any judge of a municipal or police court, or trial justice . . . . such magistrate shall issue

his warrant." Here is nothing judicial to be done by the magistrate, nothing left to his judgment or discretion. The statute is mandatory, and the act of the magistrate ministerial. Mr. Justice WHITEHOUSE in discussing this very question in *State* v. *LeClair*, 86 Maine, 522, says, "It might well be claimed that the act of the clerk in issuing the warrant in question was purely ministerial." While that case was decided upon another ground, yet we see no reason to dissent from the reasoning there employed, or the conclusion there reached upon this subject. See also *Com.* v. *Clifford*, 8 Cush. 215.

*Exceptions overruled.     Judgment for the State.*