Alexander McAlister v. City of Moss Point.

[51 South. 403.]

Municipalities. *Offenses. Violation of ordinance. Affidavit. Venue.*
    In a prosecution before a municipal court, an affidavit purporting
    to charge an offense is fatally defective if it fail to aver:—
    (*a*) The violation of a municipal ordinance; or
    (*b*) That the offense was committed within the limits of the mu-
    nicipality.

From the circuit court of Jackson county.
Hon. William H. Hardy, Judge.

McAlister, appellant, was tried and convicted of violating
a municipal ordinance, prohibiting the sale of intoxicating
liquors, was sentenced to a fine and imprisonment, and appealed
to the supreme court. The opinion of the court states the facts.

*J. H. Mize,* for appellant.

The affidavit merely charges that the liquor was sold "in
said county," hence, the mayor had no jurisdiction to try the
case, it not being alleged that the sale occurred in the city
of Moss Point. And, as the mayor had no jurisdiction, the
circuit court could have no jurisdiction. Bishop's New Crim.
Proc. vol. 1, §§ 96, 124.

*Denny & Denny,* for appellee.

The record discloses that the appellant was tried in the
mayor's court and subsequently in the circuit court without any
objection whatever by him as to the insufficiency of the alle-
gations of the affidavit. The alleged defect is merely an im-
perfection in form. The objection to the affidavit has been
urged for the first time in opposing counsel's brief in this
court:

Code 1906, § 1426, provides that an objection to an indictment for a defect appearing on the face thereof shall be taken by demurrer to the indictment, and not otherwise, before the issuance of the *venire facias* in capital cases, and before the jury shall be empaneled in all other cases, and not afterwards. The defect complained of by appellant in this case appeared upon the face of the affidavit and comes squarely within the provisions of said Code 1906, § 1426; *Burnett v. State,* 72 Miss. 994; *Smith v. State,* 58 Miss. 867.

The place where the alleged offense was committed was not of the essence of the offense, for the reason that a sale anywhere in the county would be illegal. The appellant should, therefore, have made objection to the affidavit before the jury was impaneled. Code 1906, § 1354.

Smith, J. delivered the opinion of the court.

Appellant, having been convicted in the mayor's court on a charge of unlawfully selling intoxicating liquors, appealed to the circuit court, and, being again convicted, appeals to this court.

The affidavit upon which he was tried is in the following language: "Before me, the undersigned authority, Geo. W. O'Neill, mayor of the city of Moss Point, comes R. D. McLeod, sheriff of Jackson county, who makes oath that Alex McAlister, on the 12th day of July, 1909, in said county, did unlawfully sell to Enos Miller and other persons vinous, spirituous, alcoholic, malt, or intoxicating liquors, contrary to the statute and against the peace and dignity of the state of Mississippi."

This affidavit is fatally defective for two reasons. It does not charge the violation of any municipal ordinance, and does not charge that the alleged crime was committed within the corporate limits of the city of Moss Point. The mayor, and consequently the circuit court, was therefore without jurisdiction to

try the cause, and the judgments and convictions were mere nullities. *Washington v. State,* 93 Miss. 270, 46 South. 539.

The judgment of the court below is reversed, and appellant discharged. *Reversed.*