JOHNSON *v.* CITY OF ABERDEEN.

(Division A.   Oct. 11, 1937.)

[176 So. 262.   No. 32884.]

McFarland & Holmes, of Aberdeen, for appellant.

528

530

**Thos. F. Paine,** of Aberdeen, for appellee.

**McGowen, J.**, delivered the opinion of the court.

Appellant was convicted before R. A. Pullen, Mayor of the City of Aberdeen, and ex officio justice of the peace of Monroe County, of having whisky and champagne in her possession. In that court she was sentenced to pay a fine of $500 and to serve three months in the county jail. Appellant prosecuted an appeal to the circuit court where she was again convicted and a like sentence imposed, but upon complaint of appellant the circuit court modified the sentence and required her to pay a fine of $500 and serve ninety days in the Aberdeen city jail.

We deem it unnecessary to state the evidence, and think it sufficient to say that there was a conflict in the evidence, which was for the jury on the issue of whether or not appellant had whisky and champagne in her possession.

In the court below the appellant offered evidence which she contends establishes that Pullen, the mayor and ex officio justice of the peace, issued the search warrant without probable cause. A motion to quash the search warrant was overruled, and the appellant objected to the evidence upon the ground that the search warrant was issued without probable cause and the

evidence obtained thereby was incompetent. There is no objection to the form or substance of the affidavit and the search warrant. The court below held that the finding of the mayor and ex officio justice of the peace was conclusive as between the state and the defendant named in the search warrant.

It is conceded by counsel that unless we shall now determine to overrule Mai v. State, 152 Miss. 225, 119 So. 177, and Sykes v. State, 157 Miss. 600, 128 So. 753, the action of the court below is correct. We decline to overrule these cases. In the Mai Case the fact that other courts held a different view was given due consideration. We are content and satisfied with these decisions.

The appellant was tried in the inferior court and in the circuit court upon the following affidavit:

"General Affidavit

"State of Mississippi

"Monroe County

"Before me, R. A. Pullen, Mayor of the City of Aberdeen, Miss., and ex officio Justice of the Peace of said county T. F. McDuffie makes affidavit that Mary Johnson did on or about the 12th day of Feb., 1937, in the County aforesaid in said City of Aberdeen, Miss. did unlawfully have in her possession intoxicating liquors, to-wit: one pint of whiskey and one quart of champagne, contrary to the form and statute in such case made and provided, and against the peace and dignity of the City of Aberdeen, Miss.

"[Signed]   T. M. McDuffie

"Sworn to and subscribed before me, this 12 day of Feb., 1937.

"R. A. Pullen

"Mayor of City of Aberdeen, Miss.
and Ex Officio Justice of the
Peace, Monroe County, Miss."

The affidavit does not appear to have been filed in any court. In this court appellant, for the first time, contends that the affidavit did not charge a crime against

the city, nor did it contain the language "against the ordinances of the City of Aberdeen." Counsel for the city undertake to uphold the affidavit on the ground that the words "contrary to the form and statute in such case made and provided, and against the peace and dignity of the City of Aberdeen, Miss.," are equivalent to the requisite charge that it was contrary to the ordinances of the City of Aberdeen. There is no merit in the city's contention. The language quoted is not subject to the construction it desires to place thereon. The affidavit does not charge in form or in substance that any ordinances of the City of Aberdeen had been violated. We regret that this case must be reversed because of the omission, but in the case of Alexander McAlister v. City of Moss Point, 96 Miss. 686, 51 So. 403, a case wherein the affidavit failed to charge the violation of any municipal ordinance, this court held that the trial in the lower court was a nullity. Also see the cases of McAlister v. City of Moss Point (Miss.), 51 So. 404, and Washington v. State, 93 Miss. 270, 46 So. 539.

Reversed and remanded.

**McGehee, J.**, did not participate in the decision of this case.