(No. 26270.—

NIELS PEDERSEN *et al.* Appellants, *vs.* THE LOGAN SQUARE STATE AND SAVINGS BANK *et al.*—(JOHN R. NOTZ *et al.* Appellees.)

*Opinion filed September 17, 1941.*

IRVING GOODMAN, HAROLD L. PERLMAN, MARVIN J. WELFELD, MURPHY & PEARSON, JOHN A. RUSSELL, GEORGE A. CURRAN, JOHN D. KING, and DAVID JETZINGER, for appellants.

FRANK M. KELLY, for appellees.

Mr. JUSTICE GUNN delivered the opinion of the court:

A representative suit in equity was filed in the superior court of Cook county by creditors to enforce the constitutional and statutory liability of the stockholders of the defunct Logan Square State and Savings Bank. As owners of three shares of the capital stock of the bank, John R. and Ruth Notz were made defendants and personally served with summons on Sunday, September 17, 1939. Neither appeared or answered, and a decree in favor of the receiver for the benefit of all of the creditors of the bank was entered against them on November 27, 1939, for $300 and costs. An execution was issued and served on December 20, 1939. Thereafter, on January 29, 1940, the defendants filed a petition in the equity proceeding setting forth that

they had been served on Sunday, and alleging such service was prohibited by statute and void. The chancellor, without hearing any evidence, entered an order vacating and setting aside the decree as to John R. and Ruth Notz, and quashed the service. The receiver appealed from the order thus entered to the Appellate Court for the First District, which affirmed the judgment of the superior court. A certificate of importance granted by the Appellate Court brings the cause here.

The Appellate Court took the position that service of process on Sunday was absolutely void upon the strength of what was said in *Scammon* v. *City of Chicago,* 40 Ill. 146. That case held a notice invalid where six publications were required in a newspaper, one of which was on Sunday, and the court seemed to hold that such service was invalid because of the similarity of the statute of Illinois, which prohibits the disturbance and good order of society by labor or amusement on Sunday, (Ill. Rev. Stat. 1939, chap. 38, par. 549,) as being equivalent to the English statute 29, Charles II, prohibiting any secular work on Sunday, and under which service of process on Sunday was held void. The statute of Charles II is not a part of the common law of the State of Illinois, as it was enacted subsequent to the fourth year of James I.

At common law, a citizen was not prohibited from pursuing his ordinary labor on Sunday. (*Sayles* v. *Smith,* 12 Wend. 57; *Richmond* v. *Moore,* 107 Ill. 429.) At common law, Sunday is *dies non juridicus,* and all judicial proceedings upon that day are void. (*Baxter* v. *People,* 3 Gilm. 368; *State* v. *Conwell,* 96 Me. 172, 51 Atl. 873; *Pulling* v. *People,* 8 Barb. 385; *Story* v. *Elliott,* 8 Cowen, 27.) At common law, ministerial acts could be performed on Sunday. (*Pearce* v. *Atwood,* 13 Mass. 324; *Johnson* v. *Day,* 17 Pick. 106; *State* v. *Conwell, supra.*) In *Johnston* v. *People,* 31 Ill. 469, it was held that taking a recognizance was not a judicial act, and, therefore, not void either at common law or under the statutes of Illinois as

disturbing the peace and good order of society. In *Langabier* v. *Fairbury, Pontiac and Northwestern Railroad Co.* 64 Ill. 243, it was held an injunction might be issued and served on Sunday. This was before the statute was enacted authorizing it.

The English cases, holding service of process on Sunday to be void, are based upon the statute 29, Charles II, which, as pointed out in *Eden* v. *People,* 161 Ill. 296, is much more comprehensive than paragraph 549 of the Criminal Code. In the latter case it is shown the English statute prohibits any business or work on Sunday, whereas the Illinois statute only prohibits labor that disturbs the peace and good order of society. The case of *Scammon* v. *City of Chicago, supra,* did not recognize this distinction, and, as a matter of fact, it is difficult to determine whether the publication in that case was held invalid because it was published on Sunday, or because it was published by a different paper than that mentioned in the certificate of publication.

The weight of authority holds that service of summons is a ministerial act and not a judicial act. (*Richmond* v. *Moore, supra; Baxter* v. *People, supra; Longabier* v. *Fairbury, Pontiac and Northwestern Railroad Co. supra; Heisen* v. *Smith,* 138 Calif. 216, 71 Pac. 180; *State* v. *Ricketts,* 74 N. C. 187.) From the foregoing it would appear that there is nothing in the law of Illinois that would prohibit a summons in a civil case from being served on Sunday. However, the question is settled by the Civil Practice act. This act, (Ill. Rev. Stat. 1939, chap. 110, par. 259.4,) provides: "If practicable summons shall be served twenty days before the first return day mentioned therein, but it may be served at any time on or before the return day." The same language is embodied in Supreme Court rule No. 4. (370 Ill. 14.) No exception is made. It may be presumed that the legislature and this court were aware of the distinction between what constituted judicial acts, which could not be performed on Sunday, and min-

isterial acts, which may be performed on Sunday. The language of the Civil Practice act, and the rule adopted in pursuance thereof, cannot have read into them an exception not contained in the statute, and not recognized at common law.

In *Longabier* v. *Fairbury, Pontiac and Northwestern Railroad Co. supra,* the court upheld the issuance of an injunction on Sunday, and to the argument that the service and issuance of the injunction was void under the Sunday statute and the rule at common law, said: "There is nothing in our constitution of government inhibiting the General Assembly from declaring Sunday to be *dies juridicus."* It seems to us that the legislature has settled the question by express language in the statute authorizing summons to be served on *any* day prior to the return day. It is our conclusion that the court erred in holding the judgment, entered on such process, void. There is nothing more alleged in the petition of appellees for which the judgment could be vacated after thirty days had elapsed from the entry thereof.

The petition of appellees, filed in the equity proceeding, was a motion authorized by section 72 of the Civil Practice act. (Ill. Rev. Stat. 1939, chap. 110, par. 196.) This section, and the procedure thereunder, applies to law actions and not equity actions. (*Frank* v. *Solomon,* 376 Ill. 439.) The appropriate remedy in equity in such cases is by a bill of review or a bill in the nature of a bill of review. There was no appropriate pleading upon which the court could vacate the judgment.

For the reasons set out herein, the judgment of the Appellate Court and the decree of the superior court are reversed, and the cause is remanded to the superior court with directions to set aside the order vacating the judgment against appellees.

*Reversed and remanded, with directions.*