Lamons and Company, Plaintiff. Frank G. Karg and William H. Regnery, Appellants, v. American Case Iron Pipe Company, Appellee.

Gen. No. 41,815.

Heard in the third division of this court for the first district at the October term, 1941. Opinion filed January 7, 1942. Rehearing denied January 22, 1942.

CHARLES A. PHELPS and SIMON A. ZELDEN, both of Chicago, for appellants.

PAM, HURD & REICHMANN, of Chicago, for appellee; GEORGE W. K. SNYDER and J. HERBERT BURKE, both of Chicago, of counsel.

MR. JUSTICE HEBEL delivered the opinion of the court.

This is an appeal from the denial of a motion, based on a verified petition, to vacate an order of dismissal

by the court on a no progress call without notice to the parties while the case was pending before a master in chancery. Lamons and Company, plaintiff in this action, filed a bill in equity on August 22, 1927, charging that the defendant had sold to it for resale water fund certificates of the city of Sesser, Illinois, and had given to it a written prospectus containing statements which were false, and had made oral statements which were also false; that it had purchased the certificates relying on the false representations in the statements; that the certificates were worthless, and prayed for rescission of the contract and the repayment to it of the purchase price, together with interest thereon.

This bill was answered by defendant, and the cause referred to Ninian H. Welch, master in chancery. Testimony was taken, including depositions, and various exhibits offered, all on behalf of plaintiff. The master made a report which was amended on objections by defendant. At or about the time of the issuance of the master's report, which was amended, Lamons & Co. having surrendered its charter, the intervenors, Frank G. Karg and William H. Regnery (purchasers of bonds from Lamons & Co.), pursuant to leave of court, filed their intervening petitions. The defendant answered and the issues were referred to the same master. It is suggested that approximately 400 pages of testimony were taken and various exhibits offered in support of the intervening petitions. Objections were interposed by defendant to the use by intervenors of the depositions which had previously been taken, which objections were taken under advisement by the master and were retained by him and no decision made thereon. While the matter was so held by the master, on November 15, 1937, Judge BURKE of the circuit court entered the following order:

"On motion of the Court, this cause being now regularly reached and called for trial on the No Progress Call and the Complainant now failing to prosecute the

suit, it is ordered that this cause be, and the same is hereby dismissed for want of prosecution, without costs.''

On June 1, 1939, intervenors and another intervening petitioner, who has not appealed, filed a petition in the nature of a writ of error *coram nobis,* under section 72 of the Civil Practice Act [Jones Ill. Stats. Ann. 104.072], seeking to vacate said order of dismissal. On September 2, 1939, defendant filed, under section 45 of the Civil Practice Act, a motion to dismiss said petition on the ground that it was substantially insufficient in law, in failing to allege diligence on the part of intervenors. Thereafter, on December 4, 1939, intervenors amended their said petition, and on December 14, 1939, defendant filed a further motion to dismiss on the ground, *inter alia,* that said amended petition was substantially insufficient in law in failing to allege diligence, which motion was denied on November 7, 1940. Thereafter, on November 19, 1940, defendant filed its answer to said amended petition admitting certain allegations, denying others, and stating three affirmative defenses; first, gross negligence and laches of intervenors; second, the prior determination of the matter in favor of defendant, which was binding upon intervenors; third, the change of position suffered by defendant because of delay. On December 20, 1940, defendant amended its answer specifying particularly wherein intervenors were guilty of gross negligence and laches and on December 23, 1940, defendant filed a further amendment alleging the death of the only officer of defendant who had any knowledge of the construction of the water works system at Sesser and the financial arrangements in connection therewith, to which amended answer there was no replication filed by intervenors.

The facts appearing in this record are that on December 23, 1940, the amended petition seeking to vacate the order of November 15, 1937, dismissing the

cause for want of prosecution, and the amended answer thereto came on for trial. Intervenors, in their opening statement, stated to the court that they were proceeding on a motion in the nature of a writ of error *coram nobis* under section 72 of the Civil Practice Act, and offered in evidence the affidavit of Simon A. Zelden that he checked the record in the clerk's office and found the cause had been dismissed for want of prosecution on November 15, 1937; that the record showed the cause was pending on that date before the master, awaiting a decision on objections made by attorneys for defendant to certain matters. Intervenors called Charles A. Phelps, one of their attorneys to testify as a witness on their behalf, who testified that hearings were had before the master; that on September 28, 1934 he was ready to close proofs, except that he desired to offer certain depositions previously taken on behalf of complainant, to which offer defendant objected; that in May of 1936, he made a trip to Sesser to obtain certain exhibits taken from the master's office; that he was in the master's office several times after July 15, 1936, to ask when some decision might be expected. Intervenors offered no other evidence in support of their amended petition.

Defendant in support of its first affirmative defense, namely, gross negligence and laches by intervenors, introduced its exhibit 2, being the docket sheet kept by the master in this cause showing no proceedings before him from October 30, 1934 to June 5, 1936, and no proceedings subsequent to July 15, 1936; also its exhibit 7, being a notice by the attorney for defendant that he would appear before the master on May 18, 1936 and ask for a rule to close proof, which bore the master's notation of the entry of such a rule, effective June 5, 1936. Further, in support of said affirmative defense, defendant offered the testimony of Sol A. Hoffman, a former associate of the master, to the effect that no proceedings were had before the master

from October 30, 1934 to June 5, 1936, and to the effect that the last entry on the docket sheet of the master was July 22, 1936. In further support of this defense, defendant obtained the admission of Mr. Phelps, attorney for intervenors, on cross-examination that he had not served any notice of a motion asking the master to make his report or for a court rule on the master to file his report.

In support of its second affirmative defense, namely, the prior determination of the matter in favor of defendant, the defendant introduced in evidence its exhibit 3, being the master's preliminary report finding for defendant; its exhibit 4, being its objections to certain findings of fact in the preliminary report; its exhibit 5 disclosing marginal notations of the master on certain pages of his preliminary report, eliminating said findings of fact pursuant to said objections; and its exhibit 6, being the master's final report finding in favor of defendant and recommending that the cause be dismissed for want of equity.

Then, in support of its third affirmative defense, namely, the adverse change of position suffered by reason of the delay in the prosecution of this cause, defendant introduced its exhibit 1, being the death certificate of Robert R. Banta; and the stipulation with respect to the death of Paul A. Ivy. The testimony of Earl N. Mattson, an employee of defendant, was offered as to the fact that Banta and Ivy were the only employees of defendant who would have had knowledge of the transaction.

On January 24, 1941, the court handed down a memorandum order finding in favor of defendant on its first affirmative defense and on its second affirmative defense, the court denying in said order the prayer of the amended petition to vacate the order of November 15, 1937, dismissing the cause for want of prosecution.

The first question presented is whether a court of chancery can vacate the order of dismissal entered herein. The case of *Horner v. Horner,* 37 Ill. App. 199, is cited, wherein the court said:

"It is well settled that the power of a court to amend the record at a subsequent term is confined strictly to cases where there is something in the record to amend by, and to cases where it is patent on the face of the record that there has been a misprision or error of the clerk.

"Where from the entire record it clearly appears that the judgment as entered is not the sentence which the law ought to have pronounced upon the facts established by the record, the court will act upon the presumption that the error is a clerical misprision rather than a judicial blunder, and the judgment will be set aside by an amendment *nunc pro tunc. Ives v. Hulce,* 17 Ill. App. 30, and authorities there cited."

The court's power to amend is dependent upon the record. The question is largely dependent upon whether the trial court had jurisdiction after the term time had elapsed. It is apparent from the record that at the time of dismissal this cause had been referred to the master, first by Lamons and Company under the original bill, second on the intervening petitions filed by intervenors, and a third time on the petition filed by Babcock, and that the matter had not been reported on by the master.

The defendant appellee points to the suggestion made by intervenors under point I of their brief, namely, that where from the entire record it clearly appears that the judgment as entered is not the sentence which the law ought to have pronounced upon the facts established by the record, the court will act upon the presumption that the error is a clerical misprision rather than a judicial blunder and the judgment will be set aside by an amendment *nunc pro tunc.*

While it is admitted by defendant appellee that intervenor's suggestion correctly states the law, yet it is contended that such suggestion is wholly inapplicable to the case at bar because intervenors do not seek an "amendment *nunc pro tunc*" but rather to have the order dismissing the case for want of prosecution set aside and held for naught. In the case of *Ives v. Hulce,* 17 Ill. App. 30, cited by intervenors, it appears that the jury had found the defendant guilty and assessed damages of $175. At the next term, after denying a motion for a new trial, judgment was entered that plaintiff recover damages of 1¢. The clerical error in entering judgment for 1¢ was subsequently discovered, and a motion made to amend the judgment, which motion was allowed. On appeal from the order allowing the amendment, the court held that a final judgment may be corrected at a subsequent term "in any matter of form where a clerical error has intervened . . . ." The court went on to say:

"There is, however, no authority to correct judicial errors under the pretense of correcting clerical errors, and to entitle a party to an order amending a judgment or decree, he must establish that the entry as made does not conform to what the court intended it should be when it was ordered." On this question several cases have been cited by the intervenors having to do with amendments to the court's order after term time, but the question here is whether the court has power to set aside and hold for naught its order at the second term. In *Ernst Tosetti Brewing Co. v. Koehler,* 200 Ill. 369, the Supreme Court affirmed the decision of the Appellate Court in refusing to recognize an amendment to the decree by the superior court, after the term, where the amendment involved a change in the substance of the decree.

As a general rule a court has the inherent power to dismiss a cause for want of prosecution where plain-

tiff is guilty of negligence and laches in the prosecution of the cause. In the instant case the judge who examined the record in this cause on November 15, 1937 found that it had then been pending for over 10 years and that there had been no proceedings of record before the court subsequent to February 20, 1934, and was in our opinion justified in reaching the judicial determination that the case had been abandoned by complainant and intervenors and was properly the subject of an order dismissing the same for want of prosecution. The dismissal of the action was made under rule 22, section 5, of the rules of the circuit court of Cook county, which provides for a call on a regular calendar of all cases in which no action has been taken within one year and provides further that if plaintiff is not ready for trial the cause shall be dismissed for want of prosecution.

As is well suggested by defendant, when a cause is dismissed for want of prosecution, while there is usually no determination on its merits, nevertheless the court, in entering such an order, does make a judicial determination, namely; that the plaintiff has been guilty of negligence or laches in prosecuting the suit, which from the record in this case is apparent.

Intervenors raise the question and question the authority of the court to enter the order of dismissal for want of prosecution for the reason that it was entered without notice, but when we look to intervenor's pleadings and evidence it does not appear that the order was entered without notice. The lack of notice is raised for the first time by intervenors in this court, no allegations appearing in intervenors' pleadings nor any evidence having been offered on that question, therefore, the point must be considered to have been waived under rule 7 of this court. Rule 25, section 2, of the rules of the circuit court of Cook county provides for publication of notice of all calls to be heard by the court.

The order, as a matter of fact, was proper because intervenors were guilty of negligence and laches in the prosecution of their intervening petitions. The trial court, in commenting on intervenors' negligence and laches, said: "No sound excuse or reasonable explanation tending to absolve the intervenors from such negligence was offered to this court. Their delay was an affront to the dignity of this Court and disruptive of the orderly procedure and process of this Court and cannot, under the facts shown, and the circumstances existing in this cause, be sustained or have the approval of this Court." The order, as a matter of law, was proper since the court had jurisdiction of the subject matter, the parties were properly before the court and the order was germane to the action.

Intervenors had the right to claim that the affirmative defense of gross negligence and laches set out in the amended answer of defendant to intervenors' amended petition was not a good defense and was, therefore, defective in substance. Intervenors had the right to so claim by filing a motion to strike or to dismiss defendant's amended answer under section 45 of the Civil Practice Act, Ill. Rev. Stat. 1941, ch. 110, par. 169 [Jones Ill. Stats. Ann. 104.045], specifying that such defense was substantially insufficient in law. This they failed to do and, by reason of this failure, intervenors are held to have waived any claim, which they might have had, that this defense was defective in substance by virtue of section 42(3) of the Civil Practice Act, Ill. Rev. Stat. 1941, ch. 110, par. 166(3) [Jones Ill. Stats. Ann. 104.042], which provides that "all defects in pleadings, either in form or substance, not objected to in the trial court, shall be deemed to be waived."

The question of negligence or diligence of intervenors was properly involved in the motion to reinstate, and, of course, the question is limited to the facts as they appear in the pleadings. On the question

of negligence, the case of *Francke v. Eadie,* 301 Ill. App. 254, is cited by appellants. However, in that case there had been no reference to a master. The cause was dismissed while the court, itself, still had under consideration certain demurrers. In such a situation the parties have no control over the court and cannot be charged with its delay. In the case at bar, however, the parties had control over the situation and could have proceeded to procure a rule on the master to prepare and file his final report, which fact was pointed out by the trial court in its memorandum decision.

It is urged that intervenors have misconceived their remedy, and that, if the order dismissing the cause for want of prosecution was erroneous in fact, intervenors should have sought to correct same by a bill of review in equity. It is further contended that the only remedy in any equity cause open to intervenors to correct an error of fact in an order or decree of the court below, after the term, is to file an original bill in the nature of a bill to review, citing *Pedersen v. Logan Square State & Savings Bank,* 377 Ill. 408, *Frank v. Salomon,* 376 Ill. 439, *Ernst Tosetti Brewing Co. v. Koehler,* 200 Ill. 369. The intervenors in their opening statement to the court characterized their own amended petition to vacate the order dismissing the cause for want of prosecution by stating:

"The court is acquainted with the fact that we are proceeding under section 72 of the New Civil Practice Act . . . . The error of fact that, if the Court had been advised it was pending before a Master it would not have been dismissed on the No Progress Call." In the case of *Frank v. Salomon,* 376 Ill. 439, a decree of foreclosure (entered upon appellees having been defaulted) was vacated within the term on appellant's motion, certain allegations were added, and certain additional persons made parties. A new decree was then entered in favor of appellant and against ap-

pellees. While the vacated decree did not hold appellees liable, the second decree held them liable for a deficiency under certain conditions. Approximately a year and a half after the entry of the second decree, appellees filed a verified "motion in the nature of a writ of error *coram nobis*" to vacate all proceedings subsequent to the granting of leave to amend and asked leave to plead or answer, which motion was denied. On appeal, the Appellate Court held that section 72 of the Civil Practice Act applied to chancery proceedings, and reversed and remanded with directions to permit appellees to answer. The Supreme Court dismissed a petition for leave to appeal from the Appellate Court for want of a final judgment, and thereafter, the trial court vacated the second decree and granted appellees leave to plead. This was in turn appealed to the Appellate Court, and there dismissed on the ground that the order was not final. An appeal from the order of the Appellate Court dismissing the second appeal was prosecuted to the Supreme Court on leave granted. The Supreme Court held, after discussing the effect of the Civil Practice Act and its abolition of the distinctions between actions at law and in chancery, "Our conclusion is that section 72 of the Civil Practice Act is not applicable to chancery proceedings." The Supreme Court reversed the cause with directions to deny the motion to vacate filed under section 72 of the Civil Practice Act, and this holding was followed by the Supreme Court in *Pedersen v. Logan Square State & Savings Bank,* 377 Ill. 408, is conclusive and applicable.

As we have stated before in this opinion, intervenors were guilty of gross negligence and laches in the prosecution of their intervening petitions, and we are of the opinion that the trial court justifiably refused to vacate the order of November 15, 1937, dismissing the cause for want of prosecution. From a consideration of the matters which are important in passing upon the

questions before us, we are of the opinion that the order dismissing the cause for want of prosecution was fully justified, and that the trial court's refusal to vacate said order of dismissal was proper.

*Affirmed.*

Kiley, J., concurs.

Burke, P. J., took no part.