## ARMSTRONG v. STATE.

(In Banc. Nov. 8, 1943. Suggestion of Error Overruled Jan. 10, 1944.)

[15 So. (2d) 438. No. 35367.]

Martin & Farr, of Prentiss, for appellant.

Greek L. Rice, Attorney-General, by R. O. Arrington, Assistant Attorney-General, for appellee.

Griffith, J., delivered the opinion of the court.

Appellant was convicted upon a charge of the possession of intoxicating liquors. The evidence, upon which

the conviction rests, was obtained by officers in the course of the execution of a search warrant. We will discuss briefly two contentions made by appellant in respect to that warrant, and, first, that it was invalid because issued on Sunday.

The fact that a search warrant is issued on Sunday does not render it invalid, unless expressly prohibited by statutory enactment. 47 Am. Jur., p. 520, par. 30. There is no such prohibition in any of our statutes. The question was considered in State v. Conwell, 96 Me. 172, 51 A. 873, 90 Am. St. Rep. 333, and we are in accord with what was said in the first four paragraphs of that opinion as furnishing a sufficient basis for the announced conclusion.

The second contention is that the warrant was invalid, because issued solely upon the statutory affidavit, Section 1975, Code 1930, that the affiant "has reason to believe and does believe," etc. Byars v. United States, 273 U. S. 28, 47 S. Ct. 248, 71 L. Ed. 520, and other federal cases are cited by appellant to the effect that under the Fourth Amendment to the Federal Constitution such an affidavit is insufficient—that the officer who issues the warrant must have before him the facts which justify a finding of probable cause. That this is the rule prescribing the exercise of the federal authority in such matters is beyond question, as it well ought to be as to officers who are neither selected by, nor who are in any way directly accountable to, the people.

But in Tucker v. State, 128 Miss. 211, 218, 90 So. 845, 846, 24 A. L. R. 1377, we said, citing Weeks v. United States, 232 U. S. 383, 34 S. Ct. 341, 58 L. Ed. 652, L. R. A. 1915B, 834, Ann. Cas. 1915C, 1177, "that the Fourth Amendment to the federal Constitution was directed alone to the exercise of federal authority and had no application to state action." The state is free, therefore, to pursue its own course of procedure under Section 23, Constitution of 1890, which is the section of our State Constitution dealing with unreasonable searches and

seizures; and under it we have held, in Mai v. State, 152 Miss. 225, 233, 119 So. 177, Sykes v. State, 157 Miss. 600, 128 So. 753, Johnson v. City of Aberdeen, 179 Miss. 526, 176 So. 262, and Goss v. State, 187 Miss. 72, 192 So. 447, 448, that "as between the state and the defendant, a judicial finding of the officer issuing the warrant, of the existence of probable cause therefor, is conclusive, and therefore cannot be inquired into." We are satisfied with the soundness of the reasons as stated in the Mai case for this rule. The statutory basis for it has existed in this state for many years, and if, as a result thereof, our people have been arbitrarily dealt with, or oppressed or unreasonably treated we have not heard of it, as undoubtedly we would, had the course of events been such as to seriously raise the question.

We have carefully considered the other points presented by appellant and find no reversible error.

Affirmed.

**Anderson, J.**, delivered a dissenting opinion.

Section 1975, Code 1930, is violative of sections 23 and 26 of our Constitution (the search and seizure and self-incrimination provisions), and the decisions of our court in Mai v. State, 152 Miss. 225, 119 So. 177; Loeb v. State, 133 Miss. 883, 98 So. 449; Hendricks v. State, 144 Miss. 87, 109 So. 263, holding to the contrary, ought to be overruled.

The affidavit for the search warrant, and the search warrant itself, complied with section 1975 of the Code. The affidavit alleged that the affiant "has reason to believe, and does believe," that intoxicating liquor was kept and stored, etc., by the appellant. On the trial appellant objected to the introduction of the affidavit and search warrant, which objection the court overruled, and in addition offered, but was not permitted by the court, to prove that the justice of the peace issuing the warrant had nothing before him as to the guilt of the appellant

except that language in the affidavit. And, furthermore, that the constable making the affidavit had no facts before him on which to base it, but only rumors and hearsay. The court, in its ruling, followed the decisions of our court above referred to. Section 23 provides that the people shall be secure in their persons, houses and possessions from unreasonable search and seizure, and that no warrant shall be issued without probable cause, supported by oath or affirmation, designating the place, etc., to be searched. Section 26 provides, among other things, that in criminal prosecutions the accused shall not be compelled to give evidence against himself. The Search and Seizure provision of the Federal Constitution (Article 4 of the Amendments) is substantially the same as section 23 of our Constitution; and the self-incrimination clause of Article 5 of the Amendments to the Federal Constitution is substantially the same as a like clause in section 26 of our Constitution. Many other states of the Union— perhaps all of them—have substantially the same constitutional provisions.

If the decision of the issuing officer is res judicata as to probable cause, that would mean, of course, that whatever he considered probable cause would be the end of the inquiry. He could base it on hearsay or rumors. Suppose the proceeding originated through ill-will and malice on the part of the officer—would that be foreclosed, also? I think those decisions of our court mean exactly that. In Tucker v. State, 128 Miss. 211, 90 So. 845, 24 A. L. R. 1377, we quoted, with approval, from what Justice BRADLEY said in Boyd v. United States, 116 U. S. 616, 6 S. Ct. 524, 534, 29 L. Ed. 746. I think it will be well to repeat what he said: "We have already noticed the intimate relation between the two amendments. They throw great light on each other. For the 'unreasonable searches and seizures,' condemned in the fourth amendment are almost always made for the purpose of compelling a man to give evidence against himself, which in criminal cases is condemned in the fifth amendment; and

compelling a man 'in a criminal case to be a witness against himself,' which is condemned in the fifth amendment, throws light on the question as to what is an 'unreasonable search and seizure' within the meaning of the fourth amendment.''

Quoting at length, with approval, what Lord CAMDEN said in Entick v. Carrington, Justice BRADLEY continues: The principles therein laid down ''affect the very essence of constitutional liberty and security. They reach farther than the concrete form of the case then before the court, with its adventitious circumstances; they apply to all invasions on the part of the government and its employes of the sanctity of a man's home and the privacies of life. It is not the breaking of his doors, and the rummaging of his drawers, that constitutes the essence of the offense; but it is the invasion of his indefeasible right of personal security, personal liberty, and private property, where that right has never been forfeited by his conviction of some public offense—it is the invasion of this sacred right which underlies and constitutes the essence of Lord Camden's judgment. Breaking into a house and opening boxes and drawers are circumstances of aggravation; but any forcible and compulsory extortion of a man's own testimony, or of his private papers to be used as evidence to convict him of crime, or to forfeit his goods, is within the condemnation of that judgment. In this regard the fourth and fifth amendments run almost into each other.''

Mississippi is one of the few, if not the only state, which holds that the question of probable cause is foreclosed by the action of the officer issuing the warrant. Search and Seizure (Cornelius) 2nd Ed., Secs. 178, 444, and notes. The Supreme Court of the United State, in Byars v. United States, 273 U. S. 28, 47 S. Ct. 248, 71 L. Ed. 521, held that a search warrant is invalid under the Constitution and laws of the United States, which is based upon an information stating that affiant has good reason to believe, and does believe, that defendant has in his possession liquors sought to be seized by the warrant. The

Court used this language in that case: "Nor it is material that the search was successful in revealing evidence of a violation of a federal statute. A search prosecuted in violation of the Constitution is not made lawful by what it brings to light; and the doctrine has never been recognized by this court, nor can it be tolerated under our constitutional system, that evidences of crime discovered by a federal officer in making a search without lawful warrant may be used against the victim of the unlawful search where a timely challenge has been interposed." (Citing several authorities in support of that holding).

Statutes authorizing searches and seizures are to be strictly construed against the state, and material deficiencies in the affidavit or warrant would render both void. Turner v. State, 133 Miss. 738, 98 So. 240; State v. Watson, 133 Miss. 796, 98 So. 241; Byars v. United States, 273 U. S. 28, 47 S. Ct. 248, 71 L. Ed. 521.

In its last analysis the contrary view simply means that the defendant may be convicted alone on the language of the affidavit and search warrant—"has reason to believe and does believe." I see no reason why the 4th and 5th Amendments to the Constitution of the United States do not apply to state action as well as federal action. Their language is broad enough. The Weeks case, 232 U. S. 383, 34 S. Ct. 341, 58 L. Ed. 652, L. R. A. 1915B, 834, Ann. Cas. 1915C, 1177, seems to have held to the contrary. I believe that decision is unsound, and that the Supreme Court, when the question is again presented, will overrule it. Other provisions of the Constitution of the United States, no more general in their terms, have been held by the Supreme Court to apply to state as well as federal action.