WINBORN v. STATE.

Division A.   Jan. 14, 1952.

No. 38039 (56 So. (2d) 46)

Ben Stevens, Jesse M. Byrd and L. Barrett Jones, for appellant.

**Geo. H. Ethridge**, Assistant Attorney General, for appellee.

**McGehee, C. J.**

The appellant, Woodie Winborn, was convicted of the unlawful possession of intoxicating liquors.  Most of the liquor was found in a "patch" or small field connected with his yard and residence. The search warrant, pursuant to which the search of the premises was made, authorized the search "* * * in the yard and garden and in the field and woods near the residence of Woodie Winborn * * * (the property of Sofie Coleman)". The proof was ample to warrant the jury in finding that the liquor was found on the premises referred to in the search warrant and in the affidavit therefor. Both the defendant and his wife testified that he lived on the premises where the search was made, and it was not necessary that the searching officers should have been able to testify as to the location of the landlines of the Sofie Coleman place, since their testimony was ample to show that the whiskey was found in the enclosed patch or field connected with his yard and residence.

But it is contended here that the search warrant was invalid because issued on Sunday. The affidavit, search warrant and the liquor were introduced in evidence without objection on the part of the defendant being made on the ground above stated. The only objection thereto was made on the ground that the officers had not clearly identified the premises searched by them as being the same as those described in the affidavit and search warrant. Moreover, it was held in the case of Armstrong v. State, 195 Miss. 300, 15 So. (2d) 438, that ██ ██ the fact of a search warrant being issued on Sunday does not render it invalid in the absence of a statute expressly prohibiting its issuance on Sunday. To the same effect is 47 Am. Jur., page 520, par. 30, and State v. Conwell, 96 Me. 172, 51 A. 873, 90 Am. St. Rep. 333. And it was held in the case of United States v. Harbin, D. C., 27 F. (2d) 892, that search warrants are emergency processes, the effectiveness of which should not be crippled by prohibiting their issuance on Sunday.

One Jesse Dubose resided in the same residence that was occupied by the appellant and his wife, but Dubose in testifying as a witness for the defendant disclaimed any ownership or control over the liquor and the jury, therefore, found from all the facts and circumstances that the same was in the possession or under the control of the appellant.

██ ██ The Court is unable to agree that the cross-examination of the defendant by the District Attorney had the effect of injecting the racial issue into the case to his prejudice when he elicited from the defendant the fact that he was disputing the testimony of the officers. The jury necessarily observed that the officers were white men and that the defendant was a Negro. The District Attorney made no reference to the color of any of the witnesses or of the defendant in his cross-examination, but rather the prominence given to the fact that the state witnesses were white and the defendant was a colored man is found in the objections made on behalf of the

defendant when the District Attorney was asking him if he was denying what the officers had testified that he told them on the occasion of the search in regard to it being his liquor, and that they had found all that he had there.

We find no error in the record that would justify a reversal of the case and the judgment and sentence appealed from must therefore be affirmed.

Affirmed.