SMITH, Justice:
Charles Robb appeals from an order of the Circuit Court of Madison County declining to set aside a default judgment recovered against him by appellee, Jerry B. Ward, at a former term.
Ward sued Robb on January 15, 1971, alleging that Robb had willfully shot and killed his dog. A summons was issued and served upon Robb on January 24, 1971, as shown by the sheriff’s return endorsed upon it. At the ensuing term, Robb having failed to answer and having failed to enter his appearance, the default judgment from which Robb appeals was entered. The court term ended and court adjourned finally. At the next term, Robb filed a motion to set aside the judgment, his motion reciting that he had received the summons through the mail and that no writ of inquiry had been issued for determination of the amount of damages. This motion was overruled on April 12, 1971, Robb again having failed to appear. On April 23, 1971, Robb filed another motion to set aside and vacate the action of the court in overruling his preceding motion. In his April 23, 1971 motion, Robb asserted that neither he nor his counsel knew that the court would take up his former motion and that they should have been notified before it was acted upon. On July 15, 1971, a motion' to reinstate was overruled because Robb did not appear. On the same day, however, Robb, acting through a new attorney, filed yet another motion to vacate the judgment, again stating that no writ of inquiry had issued and this time alleging that the original summons had been served upon him on Sunday and that this invalidated the judgment.
Of the three errors assigned for reversal, only one requires notice. That is, appellant’s contention that the service of the summons on Sunday rendered the judgment void.
Before reaching that question, however, it is well to note that the judgment does recite that damages were award *134 ed upon writ of inquiry and, since the judgment imports verity and there is nothing to the contrary in the record, it must ■be assumed that the statement is correct. It is true that the amount of the award appears a large one for the shooting of a dog, but the circumstances of the shooting alleged in the declaration are such as to justify the award of punitive damages and such damages comprise a major portion of the judgment.
Nor is there anything in the record to support Robb’s original claim that the summons was mailed to him. Moreover, that assertion is in conflict with his later (and present) contention that the summons was served upon him on Sunday. The sheriff’s unimpeached return, endorsed upon the summons, shows personal service upon Robb and is conclusive under the circumstances.
The sheriff’s return, however, does reflect that the summons was served on Sunday and appellant urges that this rendered the judgment void. On this question, it appears that there is some conflict of authority in the United States. An interesting discussion of the historical background of the matter appears in the Court’s opinion in the case of Pedersen v. Logan Square State and Savings Bank, 377 Ill. 408, 36 N.E.2d 732 (1941).
In support of his position that service of the summons on Sunday was utterly void, appellant points out that in Mississippi certain remedial writs are expressly authorized by statute to be “issued, executed and served” on Sunday, and therefore, a for-tiori, civil process, other than those writs expressly enumerated by statute, may not be served on Sunday.
On page 870, 83 C.J.S. Sunday § 42 (1953) appears the following statement dealing with issuance of process' on Sunday.
There is some authority holding that, although the award of judicial writs is a judicial act, void if done on Sunday, the issuing of original process is merely ministerial and valid in the absence of a statutory provision forbidding it, but there is more numerous authority holding the issuance of process to be a judicial act, and, hence, of such a character that its being done on Sunday is void at common law. Where the rule forbidding and avoiding issuance of process on Sunday has been affirmed or adopted by statute, process within the terms of the prohibitions when issued on that day is a nullity. Express exceptions in statutes forbidding service of process on Sunday have been held not alone applicable to service of process but are equally exceptions to the common-law rule forbidding issuance of process on Sunday. Since as a general rule, courts may not sit on Sunday, a process or notice returnable on that day is void, and no proceedings may be had thereon. (Emphasis added).
And further, at page 871 of the same work:
b. Service
Generally the service ot process on Sunday is valid in the absence of statutes forbidding such service.
The service of process has been held to be a merely ministerial act, being thus of such a character that Sunday service is not affected by the common-law status of Sunday as a nonjudicial day. Under the statutes of many jurisdictions, however, the service of process on Sunday is specially forbidden; and such service as is within the scope of their provisions is of course illegal and void. Moreover, in other jurisdictions, the provisions of the general Sunday laws, relative to acts and transactions generally without specific reference to the service of process, have been held extensive enough to include such service within their prohibitions so as to avoid it; but elsewhere statutes of a similar character have been held not to include it. within the scope of their provisions, so that the time of service does not impair its legality and validity; and, *135 of course, where statutes adopt and reaffirm the rule of the common law, Sunday service of process or summons is legal. Some of the statutes forbidding the service of process on Sunday, either directly or as included in the general Sunday regulations, make exceptions to permit service in certain cases of urgent necessity ; and service of process in the cases specified is valid, although made on Sunday; . . . (Emphasis added.)
However, in Mississippi, since it is not expressly forbidden by statute, even process issued on Sunday is valid. In Armstrong v. State, 195 Miss. 300, 15 So.2d 438 (1943) this Court stated:
The fact that a search warrant is issued on Sunday does not render it invalid, unless expressly prohibited by statutory enactment. 47 Am.Jur. p. 520, par. 30. There is no such prohibiton in any of our statutes. The question was considered in State v. Conwell, 96 Me. 172, 51 A. 873, 90 Am.St.Rep. 333, and we are in accord with what was said in the first four paragraphs of that opinion as furnishing a sufficient basis for the announced conclusion.
Nor are we able to ascribe to the legislature an intention to forbid service of process on Sunday through the enactment of the statutes which prohibit or limit the engaging in such activities as fishing, boxing, games, plays, farces and the like.
Armstrong, supra, decided in 1943, established that, the proposition in Mississippi, even the issuing of process on Sunday, generally considered a judicial act, since it was not expressly prohibited by statute, is valid. The ministerial act of service is also valid since no statute prohibits it. Prompt service of process in civil suits and actions is a matter of imperative importance to the administration of justice. Today, more than ever, many people work at considerable distances from their homes and often Sunday is the only day in which they can be found and served. This presents a very considerable problem for the process server, particularly in border counties near large cities in other states. Failure to find the defendant on a secular day, or even a delay in finding him on such a day, could be a circumstance operating to deny justice by preventing the speedy and efficient disposition of cases.
This Court has held that after the adjournment of a term at which a default judgment has been entered, the trial court is without jurisdiction to set it aside unless it is absolutely void. McNeeley v. Blain, 255 So.2d 923 (Miss.1971).
We hold that the process was not void because served on Sunday in the absence of a statute prohibiting such service. It therefore follows that the trial court was without jurisdiction to set aside the judgment in this case after the final adjournment of the term. Consequently, the order of the circuit court, declining to reopen or set aside the judgment must be affirmed.
Affirmed.
RODGERS, P. J., and BRADY, PATTERSON and SUGG, J J., concur.